## Sadler *v.* The State.

### *Violating Prohibition Law.*

(Decided Feb. 3, 1910.—51 South. 564.)

1. *Intoxicating Liquors; Sales; Evidence.*—Where a witness for the state testifies that he had bought whisky. from the defendant and paid him therefor, it was competent as corroborative testimony to permit it to be shown that a person without the state at or about that time had shipped the defendant a considerable quantity of whisky.

2. *Evidence; Best and Secondary.*—A witness may testify to the fact that he had shipped whisky in a considerable quantity to a defendant, notwithstanding there was record thereof kept by the express company, since such records were incompetent as evidence.

3. *Charge of Court; Character of Accused.*—A charge asserting that the jury might consider the good character of accused and find him not guilty if such good character, together with the other evidence, generates a reasonable doubt of his guilt, was properly refused as assuming the proof of good character.

APPEAL from Cleburne Circuit Court.

Heard before Hon. JOHN PELHAM.

Anderson Sadler was convicted of selling whisky, and he appeals. Affirmed.

The witness for the state testified to having purchased whisky from the defendant and to have paid him 35 cents therefor some time in the month of June, 1905. The state was permitted to ask the defendant's witness if it was not true that during the year 1905, and in June of that year, or along about that time, the witness had not shipped whisky in large quantities to the defendant from witness's saloon in Atlanta, Ga., and if during that time he had not shipped to defendant much more whisky than the defendant could have drank. Objections were interposed to both of these questions and overruled. There was testimony as to the good character of the defendant in the community in which he lived.

The following charge was refused to the defendant: "(3) The court charges the jury that they may consider the good character of the defendant, and may find the defendant not guilty, if such good character and the other evidence generates in your mind a reasonable doubt of his guilt."

MERRILL & MERRILL, and EVANS & McMAHAN, for appellant.—Counsel discuss the evidence relative to the shipment of whisky to the defendant and insist that it was erroneously admitted, but cite no authority in support thereof. They further insist that charge 3 should have been given.—*Webb v. The State,* 106 Ala. 52.

ALEXANDER M. GARBER, Attorney General, for the State.—The evidence was not subject to any of the objections interposed, and no others will be considered.— *McDaniel v. The State,* 97 Ala. 14. Charge 3 assumes proof of good character and is properly refused.

SAYRE, J.—Defendant in the trial court was convicted of selling whisky in the first half of the month

[Chandler v. The State.]

of June, 1905. The state was permitted to draw from a witness for the defendant the fact that about the time of the offense sworn to he had shipped whisky in considerable quantity to the defendant from Atlanta, Ga. In our judgment this evidence was competent and relevant to the issue, as corroborative of what had been sworn by the state's witnesses, and was in no degree affected by any records the express company may have kept of such shipments. Such records would have been incompetent.

Charge 3 was properly refused, for the reason that it assumes that the good character of the defendant had been established. That was a question for the jury.

Affirmed.

ANDERSON, MCCLELLAN, and MAYFIELD, JJ., concur.