# Howle v. The State.

### Violating Prohibition Law.

(Decided June 8, 1911. Rehearing denied June 30, 1911.
56 South. 37.)

1. *Intoxicating Liquors; Unlawful Sale; Evidence.*—Where the indictment contained three counts charging that the defendant sold, offered for sale, kept for sale, or otherwise disposed of prohibited liquors, it was competent for the state to introduce evidence to establish all of the alleged offenses; even if proof of a sale to a certain person could be deemed an election, yet evidence of other sales and evidence tending to show defendant's connection with the storage and offer to sell at other times and places was admissible as shedding light on the transaction and as showing defendant's connection with the sale.

2. *Same; Instruction.*—Where the instruction was in the disjunctive and authorized an acquittal on a reasonable doubt of defendant's having made the sale, it was properly refused, since the sale might have been made by an agent of the defendant with the knowledge of the defendant, as contended by the prosecution.

3. *Criminal Law; Proof of Venue; Sufficiency.*—Where a witness testified that he procured the liquor at Long's pool room in the city of Gadsden, Etowah county, the proof of venue was sufficient.

4. *Charge of Court.*—It is not error to refuse charges covered by written instructions given.

[Howle v. The State.]

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

James T. Howle was convicted of violating the prohibition law and he appeals. Affirmed.

CULLI & MARTIN, and LETCHER, McCORD & HAROLD, for appellant. No venue was shown, and hence, defendant was entitled to the affirmative charge.—*Smith v. The State*, 118 Ala. 121; *Dentler v. The State*, 112 Ala. 70; *Randolph v. The State*, 100 Ala. 141. The court erred in allowing proof of other sales and of other searches and seizures.—*Cost v. The State*, 96 Ala. 61; *Wilson v. The State*, 136 Ala. 117; *McClure v. The State*, 148 Ala. 628. The court erred in allowing testimony as to the finding of liquor in the Etowah Furniture Company's place of business, of which defendant was secretary and treasurer.—*Maxwell v. The State*, 89 Ala. 164; and cases there cited. Counsel discuss assignments of error relative to charges, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

PELHAM, J.—The defendant was tried and convicted for a violation of the prohibition laws, and the indictment contains three counts, charging that the defendant sold, offered for sale, or otherwise disposed of, prohibited liquors. The state did not rely upon proving a direct sale, but the evidence of the state tended to show that one Tarvin acted as the medium or "friend," through whom the sale was made to one Thompson; the contention upon the part of the state being that Tarvin was acting as the agent or assisting friend of the defendant, Howle, in making the unlawful sale to Thompson. The defendant, upon the trial, denied that the

whisky sold was his, and testified that he had ordered whisky for Tarvin from Chattanooga and had turned it over to him, but that he (Howle) had nothing to do with the sale to Thompson in any manner, shape, form, or fashion, and knew nothing whatever about it or that Tarvin had made or even contemplated making an unlawful disposition of the whisky.

The court, over the objection of the defendant, allowed the state to prove on the trial other sales made by the defendant and circumstances showing that defendant was connected with the unlawful disposition and storage of prohibited liquors, some of which was exhibited to the jury, and that his home and store had been searched and quantities of liquors found at each place, and that the defendant had sold or offered to sell prohibited liquors to others before and after the time of the transaction with Thompson.

The indictment charging several offenses, the prosecution had the right to introduce testimony to establish all of these alleged offenses (*Untreinor v. State*, 146 Ala. 133, 41 South. 170); but, even though the proof of the sale to Thompson be taken as an election on the part of the state, the proof of other sales and the testimony showing defendant's connection with the storage and offer to sell at other times and places and the evidence of similar character was admissible as tending to throw light on the transaction and show the defendant's identity and connect him with the sale to Thompson as the person really in interest in making it. These facts all had a legitimate tendency to shed light on the disputed fact that the whisky purchased by Thompson was the defendant's property, and was sold by Tarvin as the agent, and for the benefit, of the defendant. These matters were not introduced or relied upon for the purpose of basing a conviction on them as separate

[Howle v. The State.]

transactions, but simply as corroborative of the state's witness to show that the defendant, and not the state's witness or another, was the party really making the sale. This is announcing no new principle or rule of evidence, for this kind of case, as it falls within the exception to the rule against offering proof of other offenses and other acts, and has often been before the Supreme Court and the rule declared as herein stated. —*Sellers v. State*, 98 Ala. 72; 13 South. 530; *McIntosh v. State*, 140 Ala. 137; *Untreinor v. State, supra; Guarreno v. State*, 148 Ala. 637, 37 South. 223; *Scott v. State*, 150 Ala. 59, 43 South. 181; *Sadler v. State*, 165 Ala. 109, 51 South. 564.

The evidence of shipments of whisky to defendant, under the same rules of evidence stated above, was properly admitted.—*Sadler's Case, supra; McIntosh's Case, supra.*

The court committed no error in its rulings upon the admissibility of evidence.

The defendant insists that the general affirmative charge requested in his behalf should have been given because there was no proof of venue, for that the facts failed to show that the offense was committed in Etowah county. All the proof shows that the transaction took place in "Long's poolroom," and the witness Thompson, to whom the sale is alleged to have been made, testified, as shown by the bill of exceptions, as follows: "I got the whisky at Long's poolroom. Long's poolroom is in the city of Gadsden, Etowah county." How the defendant can seriously insist, as he does, in the face of this testimony in his bill of exceptions, that the venue is not proven, showing the commission of the offense in Etowah county, we are unable to understand.

Charge No. 3 requested by the defendant and refused by the court is in the disjunctive and authorized an

acquittal if the jury had a reasonable doubt of the *defendant's* having made a sale, although the sale may have been made by Thompson as an agent of defendant, as was the contention of the state.

Charges numbered 4, 9, and 16 requested by the defendant and refused by the court, to the effect that the jury could not consider the evidence before them as to the whisky being found in the store and at the home and of the sale to others as incriminating circumstances, will be seen, from what we have heretofore said, to have been properly refused, as these matters were all proper to be so weighed and considered by the jury in a case such as this.

The court refused charge No. 15 on the ground stated that a similar charge had been given at the request of the defendant, and an investigation of the record discloses that the twenty-sixth charge set out in the given charges (they are not numbered in the record) is a similar charge to No. 15, and there was no error in the court's refusing to give this charge.

We have discussed all the charges discussed by the defendant in his brief, and have examined all the other refused charges, and find no error in their refusal. The record discloses no reversible error, and the case must be affirmed.

Affirmed.