(90 South. 129)

**DENHAM v. STATE. (8 Div. 739.)**

(Court of Appeals of Alabama. April 19, 1921. Rehearing Denied May 10, 1921.)

1. **Intoxicating liquors �köä198—County courts affidavit charging that defendant violated prohibition laws held sufficient.**

Affidavit charging that accused "did violate the prohibition laws of Alabama" *held* sufficient under Code 1907, § 6703, requiring the affidavit constituting the basis for the issuance of a warrant of arrest by the county

court to designate the "misdemeanor by name or by some other phrase which in common parlance designates it."

2. **Criminal law �köä260(13)—Trial de novo in circuit court on appeal from conviction in county court.**

On appeal to the circuit court from judgment of conviction in the county court the case must be tried de novo.

3. **Indictment and information �köä125(31)—Complaint with alternative averments charging violation of prohibition law held sufficient.**

Complaint filed by solicitor under Code 1907, § 6730, on defendant's appeal to the circuit court from judgment of conviction in the county court, alleging "that within 12 months before the commencement of this prosecution he [defendant] sold, offered for sale, kept or had in possession for sale, bartered, exchanged, gave away, furnished at a public place or elsewhere, or otherwise disposed of prohibited liquors or beverages," *held* sufficient, although containing alternative averments.

4. **Criminal law �köä678(1)—Court will not compel election unless an attempt is made to convict of two or more offenses growing out of separate transactions.**

Generally the court will not exercise its power to compel an election unless it appears either from the indictment or the evidence that an attempt is made to convict the accused of two or more offenses growing out of separate and distinct transactions.

5. **Criminal law �köä763, 764(3, 4)—Requested instructions held properly refused as invading the jury's province.**

Instructions in a prosecution for violation of the prohibition law that there was no evidence that defendant disposed of, gave, bartered, or exchanged any liquor on the night in question, were properly refused because invading the province of the jury, being upon the effect of the evidence.

6. **Criminal law ⊦⊸829(16, 18)—Refusal of requested charge covered by instructions given held not error.**

In a prosecution for violating the prohibition law, an instruction that the jury might consider all the testimony to arrive at the motives as well as the acts of the witnesses, and that defendant was entitled to the benefit of a reasonable doubt, *held* properly refused where covered by the oral charge.

7. **Criminal law ⊦⊸783½—Requested charge excluding consideration of evidence as to disposition of liquor at time other than night in question held properly refused.**

In a prosecution for violation of the prohibition laws, refusal of requested charge excluding consideration of "any evidence about any sale or disposition, if any, except on the night in question," *held* proper.

8. **Criminal law ⊦⊸785(8)—Requested charge allowing jury to consider conduct of witness held properly refused.**

In a prosecution for violation of the prohibition laws, requested charge entitling jury to consider the conduct of named witness in going

voluntarily to other named witness and reporting that there was liquor at defendant's place, in determining the weight to be given his testimony, *held* properly refused.

Appeal from Circuit Court, Marshall County; W. W. Harralson, Judge.

William A. Denham was convicted of violating the prohibition law, and he appeals. Affirmed.

See, also, 17 Ala. App. 402, 86 South. 163.

The affidavit and complaint sufficiently appear from the opinion. The following charges were refused the defendant:

(1-3) There is no evidence that the defendant disposed of any liquor to witness Beard on the night in question.

(4) You have the right to consider all the testimony to arrive at the motives as well as the acts of the witnesses, and, if you have a reasonable doubt as to whether the liquor belonged to Denham or to Beard, then the defendant is entitled to the benefit of the doubt, and you should acquit. ·

(5) You should not consider any evidence about any sale or disposition, if any, except on the night in question, to sustain the charge against the defendant, and, if you have a reasonable doubt of his guilt on that night, you should acquit him.

(6) You have a right to consider the conduct of the witness Beard in going voluntarily to the witness Amos and reporting that there was liquor at Denham's in determining what weight you will give his testimony, and if you are not convinced from the evidence beyond all reasonable doubt that the defendant was the owner of the liquor in question and that he had the same there for sale, barter, exchange, or giving away, then you should find a verdict of not guilty.

(7) There is no evidence that defendant gave witness Beard any whisky on the night in question.

(8) There is no evidence of a barter, exchange, giving away, furnishing, or other disposition by the defendant to witness Beard on the night in question on which his charge is based.

(9) The court charges the jury that there is no evidence of a sale by defendant to the witness Beard of any liquor on the charge of the state against him.

Street & Bradford, of Guntersville, for appellant.

The affidavit was fatally defective, and the conviction void. 156 Ala. 188, 47 South. 329; 130 Ala. 129, 30 South. 473; 157 Ala. 3, 48 South. 107; 115 Ala. 133, 22 South. 556; 94 Ala. 106, 11 South. 403; 82 Ala. 29, 2 South. 466. The complaint did not cure the defect in the affidavit. Sections 6719 and 6730, Code 1907; 94 Ala. 106, 11 South. 403; 165 Ala. 374, 51 South. 645; 137 Ala. 88, 34 South. 382; 165 Ala. 107, 51 South. 357; 130 Ala. 126, 30 South. 375. The complaint itself was defective. 17 Ala. App. 402, 86 South. 163.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The affidavit was sufficient, and the complaint filed was in no sense a departure. Section 6703, Code 1907; 66 Ala. 96; 94 Ala. 106, 11 South. 403; 88 Ala. 103, 7 South. 154; 153 Ala. 121, 45 South. 156; 157 Ala. 3, 48 South. 107; 156 Ala. 117, 46 South. 856; 13 Ala. App. 421, 69 South. 413; 11 Ala. App. 317, 66 South. 871; Acts 1915, p. 32.

BRICKEN, P. J. This prosecution originated in the county court upon an affidavit and warrant, the affidavit being made by one R. L. Amos, and (omitting the formal parts thereof) charged that the defendant "did violate the prohibition laws of the state of Alabama," etc.

From a judgment of conviction in the county court defendant appealed to the circuit court, and was there tried upon a complaint filed by the solicitor under the provisions of section 6730 of the Code 1907. This complaint was as follows:

"Complaint Filed in Circuit Court. State of Alabama, Marshall County. In the Circuit Court of Albertville, July Term, 1919. On Appeal from County Court. The state of Alabama, by its solicitor, complains of William A. Denham that, within 12 months before the commencement of this prosecution, he sold, offered for sale, kept or had in possession for sale, bartered, exchanged, gave away, furnished at a public place or elsewhere, or otherwise disposed of prohibited liquors or beverages, against the peace and dignity of the state of Alabama."

[1] The affidavit in the county court was not subject to the attack made upon it, and there is no merit in the contention that it charged no offense. This affidavit was drawn under section 6703, Code 1907, and was in strict compliance with said statute, which provides that—

"A party aggrieved, or desiring to bring a charge of misdemeanor before the county court, may apply to the judge thereof, or to some justice of the peace of the county, for a warrant of arrest, and, upon making affidavit in writing that he has probable cause for believing, and does believe, that· an offense (*designating the misdemeanor by name, or by some other phrase which in common parlance designates it*) [italics ours] has been committed in said county, by" the accused (naming him), etc.

The affidavit in question followed this statute literally and alleged the offense to be that defendant "did violate the prohibition laws of the state of Alabama." It needs no argument to affirm that this offense was not only designated by "naming it"; and under the present day and time the "phrase" used or "common parlance" employed in designating the offense is a matter of universal common knowledge. In the case of Thomas v. State, 13 Ala. App. 421; 69 South. 413, this court said:

"The terms violating the prohibition law have by common usage, both on the part of the laity and of the reviewing courts of the state by the employment of the expression in their opinions, acquired a definite signification in this state, and mean an offense against the laws prohibiting the manufacture, sale, or other disposition of spirituous, vinous, or malt liquors; and therefore it would seem that to charge in an affidavit and warrant that a named person had 'violated the prohibition law' would be sufficient to give the officer jurisdiction to hear and determine the guilt of the person charged with respect to any offense falling within the designated class, * * * and * * * they would not be * * * void, * * * not any more so * * * than would an affidavit and warrant charging that a named person was guilty of 'larceny,' 'burglary,' 'assault,' or 'assault and battery,' etc., which have been held sufficient to confer jurisdiction."

[2, 3] On appeal to the circuit court, where the trial was necessarily de novo, the complaint filed by the solicitor was amply sufficient to inform the defendant of the nature and cause of the accusation against him, and he was thus enabled to identify the offense with which he was charged. It clearly appears that a strict compliance of the statutes supra is shown, and that the defendant has suffered no injury which could affect his substantial rights in the premises.

[4] While the complaint upon which the defendant was tried in the circuit court contained several alternative averments, yet there was no effort to convict the accused of more than one offense. It follows, therefore, that the insistence of the defendant that the state had made an election is without merit, the general rule being:

"The court will not exercise its power to compel an election unless it appears either from the indictment or the evidence that an attempt is made to convict the accused of two or more offenses growing out of separate and distinct transactions." Ex parte State, In re Brooms v. State, 197 Ala. 419, 73 South. 35 (Mayfield opinion).

There was no error in the rulings of the court upon the testimony.

[5] Charges 1, 2, 3, 7, 8, and 9 are each upon the effect of the evidence and were an invasion of the province of the jury, and therefore properly refused.

[6] Charge 4 was covered by the oral charge of the court.

[7, 8] Charges 5 and 6 were properly refused.

No error appears in the record. The judgment of the circuit court is affirmed.

Affirmed.

On Rehearing.

PER CURIAM. Application for rehearing overruled. Howze v. State, 16 Ala. App. 76, 75 South. 624; Barefield v. State, 14 Ala.

App. 638, 72 South. 293; Howle v. State, 1 Ala. App. 228, 56 South. 37; Sellers v. State, 98 Ala. 72, 13 South. 530; McIntosh v. State, 140 Ala. 137, 37 South. 223; Untreinor v. State, 146 Ala. 133, 41 South. 170; Guarreno v. State, 148 Ala. 637, 42 South. 833; Joyner v. State, 16 Ala. App. 240, 77 South. 78.