SLATER v. STATE.

4 Div. 822.

Supreme Court of Alabama.
May 2, 1935.

Guy W. Winn, of Clayton, for the motion.

A. A. Carmichael, Atty. Gen., opposed.

Brief did not reach the Reporter.

BOULDIN, Justice.

The important question presented on this petition for certiorari to the Court of Appeals is: Does an affidavit charging defendant with a "violation of the prohibition law" support the issuance of a warrant of arrest, a judgment of conviction of the defendant in the county court, and a judgment of the circuit court on appeal convicting defendant of having possession of prohibited liquors?

The inquiry goes to the constitutional guaranties of due process of law. Among these are the provisions of the Bill of Rights forbidding the issuance of a warrant of arrest "without probable cause, supported by oath or affirmation" (Const. § 5); and the right of the accused to "demand the nature and cause of the accusation" (Const. § 6).

Our statute of long standing, designed to avoid the miscarriage of justice upon technical grounds, has provided that in charging misdemeanors in the county court the affidavit taken by the judge or a justice of the peace is sufficiently specific as to the offense charged in "designating the misdemeanor by name, or by some other phrase which in common parlance designates it." Code, § 3815.

This statute recognizes the essential requirement that the warrant must "designate" the misdemeanor in such manner that the man of ordinary intelligence may know what offense he is called upon to answer.

Our prohibition laws contain special provisions designed to aid in their enforcement. Among these, it is provided: "* * * In an indictment, complaint or affidavit for selling, offering for sale, keeping for sale, or otherwise disposing of prohibited liquors and beverages, it is sufficient to charge that the defendant sold, offered for sale, kept for sale or otherwise disposed of prohibited liquors and beverages, and on the trial under a charge in either form, any act of selling in violation of law embraced in the charge may be proved, and the charge in each of said forms shall be held to include any device or substitute for any of said liquors," with further provisions that the kind or quantity of prohibited liquors manufactured or sold need not be alleged, nor the name of the person to whom sold. Code, § 4644.

It is further provided that the indictment or affidavit may charge several offenses against the prohibition laws in separate counts, etc. Code, § 4645.

These statutes do not undertake to authorize a blanket charge of violating the prohibition law, but look to a designation of the offense, or of several related offenses, each sufficiently specified, in one indictment or affidavit.

The prohibition law of Alabama is embodied in chapter 167 of the Code, consisting of 16 articles, sections 4615 to 4800, inclusive, together with legislative acts since the adoption of the Code of 1923.

It is quite an inclusive system of laws with the declared purpose of suppressing the evils of intemperance. This end is sought to be attained by prohibiting the "manufacture," the "sale or giving away," the "transportation," the "storage," and finally the "possession" of prohibited liquors therein elaborately defined.

It creates many offenses, both misdemeanors and felonies. Among misdemeanors are those relating to the sale, disposition, or possession, and others relating to administrative features of the law, including derelictions of public officers. Among felonies are manufacturing prohibited liquors, possessing a still, and the five-gallon law.

A further catalogue of specific offenses is deemed unnecessary.

The ruling of the Court of Appeals holding the affidavit sufficient in the instant case is in harmony with the decisions of

that court for some years. See Denham v. State, 18 Ala. App. 145, 90 So. 129, which, in turn, followed and quoted the following from Thomas v. State, 13 Ala. App. 421, 69 So. 413:

" 'The terms violating the prohibition law have by common usage, both on the part of the laity and of the reviewing courts of the state by the employment of the expression in their opinions, acquired a definite signification in this state, and mean an offense against the laws prohibiting the manufacture, sale, or other disposition of spirituous, vinous, or malt liquors; and therefore it would seem that to charge in an affidavit and warrant that a named person had "violated the prohibition law" would be sufficient to give the officer jurisdiction to hear and determine the guilt of the person charged with respect to any offense falling within the designated class, * * * and * * * they would not be * * * void, * * * not any more so * * * than would an affidavit and warrant charging that a named person was guilty of "larceny," "burglary," "assault," or "assault and battery," etc., which have been held sufficient to confer jurisdiction.' " 18 Ala. App. 145, 90 So. 129, 130.

In the Thomas Case, supra, the question arose incidentally in considering an indictment for perjury, wherein it was charged that the perjured testimony was given by accused on a trial in a named court on a charge of "violating the prohibition law."

It will be observed that case was dealing with the prohibition law of 1909, wherein the manufacture, sale, and other disposition of prohibited liquors were all grouped in one section, and made misdemeanors. Acts of 1909, pp. 8, 9, § 3. It is unnecessary to consider whether that case was correctly decided.

This court has had occasion to consider the sufficiency of the original affidavit to confer jurisdiction of the offense, and sustain the issuance of a lawful warrant of arrest.

We have held such proceedings void, violative of the bill of rights, for failure to show probable cause on oath (Johnson v. State, 82 Ala. 29, 2 So. 466; Butler v. State, 130 Ala. 127, 30 So. 338), for failure to sufficiently identify or specify the offense charged (Miles v. State, 94 Ala. 106, 11 So. 403), and because of insufficiency of a statute to define or specify the acts which are denounced as criminal (response to certified questions from Court of Appeals, in State v. Skinner, 20 Ala. App. 204, 205, 101 So. 327).

We are impelled to hold that a blanket charge of violation of the prohibition law of Alabama as it now exists does not designate any distinct or specific offense by name or as known in common parlance. It is equally applicable to any one of numerous distinct offenses, some misdemeanors, some felonies, each depending on its own state of facts. A charge of violating the law of the road, or the public health laws, would be equally specific. We must, therefore, hold the affidavit void. 16 C. J., pp. 293, 294, § 505 and notes.

This want of an affidavit, the initial step in the prosecution, goes to the jurisdiction of the court. The court must take notice ex mero motu. Thomas v. State, 166 Ala. 40, 52 So. 34; Dunklin v. State, 134 Ala. 195, 32 So. 666.

A complaint filed by the solicitor in the circuit court on appeal from a conviction in the county court in such case will not suffice to give the circuit court jurisdiction. Miles v. State, supra; Butler v. State, supra.

In cases of indictment held invalid by this court, and due to be quashed, the practice is not to quash the indictment here, but remand the cause to the trial court with directions to quash, so that proper orders may be there made to hold the accused for a new indictment. Dunklin v. State, supra.

But where the initial affidavit in a misdemeanor case is not merely irregular, but void, conferring no jurisdiction, and the statute of limitations has perfected a bar, the defendant should be here discharged. Miles v. State, 94 Ala. 106, 11 So. 403; Butler v. State, 130 Ala. 127, 30 So. 338.

The certiorari will be granted, the judgment of affirmance in the Court of Appeals reversed, and the cause remanded to that court for proper orders in consonance with this opinion.

Writ granted; reversed and remanded.

All the Justices concur.