3 So.2d 83

### HARDIN v. STATE.

#### 8 Div. 902.

Court of Appeals of Alabama.

Nov. 19, 1940.

Rehearing Denied Feb. 4, 1941.

Further Rehearing Denied Feb. 25, 1941.

Reversed and Remanded after Mandate June 17, 1941.

Brickell & Johnston, of Huntsville, for appellant.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The judgment of conviction in the lower court was based upon an affidavit charging the defendant with the offense of violating the prohibition laws of this State. The warrant was made returnable to the circuit court, in which court the trial was had without the intervention of a jury.

The affidavit contained several alternate averments; but the trial was based upon the specific charge of having in possession certain intoxicating liquors; and there was no evidence adduced upon the trial to sustain either of the other averments in the affidavit, nor was any attempt made to do so.

The facts in this case, as stated by respective counsel, in briefs, were without dispute or conflict. It was disclosed, by the evidence adduced upon the trial, that on the day in question the defendant was arrested on the U. S. 241 Highway, by one Allison, the only witness for the State, and at the time of said arrest the defendant was on his truck in which there were three cases of whiskey, containing 72 pints and labelled "Distillers Pride." The State's witness testified that said whiskey had United States stamps upon all of it, but did not have, at the time, Alabama State Stamps thereon. As stated, the foregoing was without dispute, the defendant admitted having said whiskey in his possession, but in this connection testified he had regularly and legally bought said whiskey, about two hours and a half before his arrest, in the State of Tennessee and had only had the whiskey in his possession for that length of time. All this occurred in the County of Madison, which County we judicially know is a wet County and possession of legal whiskey is permissible.

Under the above agreed facts no law of this State had been violated, nor had any of the rules and regulations of the Alabama Beverage Control Board been transgressed. Section 49 of the Alabama Beverage Control Act, Gen.Acts 1936–37, Sp.Sess., p. 80, Code 1940, Tit. 29, § 66, is conclusive of this question. Said section reads as follows: "Section 49. Any person, firm, corporation, club or association of persons, who purchases, and/or receives, and/or who brings into the State in any manner whatsoever, any of the articles of alcoholic beverages enumerated herein, which does not have affixed revenue stamps, crowns or lids, or stamps or identification as described in this Act, shall within three (3) days of the receipt of such articles of alcoholic beverages, report the receipt or purchase of said alcoholic beverages to the Board, giving the date of purchase or receipt, the name of person or firm from who purchased or received, and a list describing the articles of alcoholic beverages so purchased or received. This report must be made by registered mail, or in person. Any person, firm, corporation, club or association of persons who fails and/or refuses to make the report as required in this subsection, shall be guilty of a misdemeanor and upon conviction shall be fined not less than Five ($5.00) Dollars, nor more than One Hundred ($100.00) Dollars,

or imprisoned not to exceed thirty days for each offense."

Under the provisions of above quoted section the accused, as will be noted, had three days after receipt of the alcoholic liquor in question, to comply with the requirements provided for in said section. Said alcoholic beverage was in no sense illegal or contraband. The evidence showed it was legally purchased, hence legally possessed, at the time and place of the arrest of appellant. The prosecution of this appellant therefore was premature, and improvidently begun. These undisputed facts appearing on the trial of this case, entitled the defendant to his discharge, and by every possible means appellant, by his able counsel, urged the court to so hold. The adverse rulings of the court in this connection were erroneous in each instance and necessitates a reversal of the judgment of conviction from which this appeal was taken. It is so ordered. And as no conviction can be had in this case, as hereinabove stated, a judgment is here rendered in favor of the defendant discharging him from further custody in this proceeding.

Reversed and rendered.

## On Rehearing.

BRICKEN, Presiding Judge.

Upon the original consideration of this case, this court was of the opinion, and so held, that under the undisputed facts, "the prosecution of this appellant therefore was premature, and improvidently begun," and as authority we cited, and quoted in full, Section 49 of the Alabama Beverage Control Act, Code 1940, Tit. 29, § 66, as will be noted in the original opinion, supra.

Upon consideration of the case, on application for rehearing, the judges of this court were unable to reach an unanimous conclusion or decision, whereupon resort was had to the provisions of Section 7311 of the Code 1923 Code 1940, Tit. 13, § 88. The said section reads as follows: "If the judges of said court [Court of Appeals] are unable to reach an unanimous conclusion, or decision, in any case or matter before them, any one of said judges may certify to the supreme court any question or questions of law as to which said judges differ, stating such questions as abstract propositions, and the supreme court shall give its opinion upon the question so certified, and the opinions thus given by the supreme court shall be given the same effect

by said court of appeals as it is required to give to the decisions of said supreme court."

The following certification was made to the Supreme Court, viz.:

"To the Supreme Court of Alabama:

"Under the provisions of Section 7311 of the Code of 1923, I hereby certify to you the sole question involved upon the appeal in the case of Larry Hardin v. State, from Madison Circuit Court, pending here on application for rehearing.

"The specific question involves the construction of Section 49 of the Alabama Beverage Control Act, as will be noted in the two opinions of the judges of this court. Said opinions are hereby transmitted to you as being the best manner of stating the disagreement of the judges of this court upon which this certification is rested.

"This December 30th, 1940.
  "(Signed)  C. R. Bricken,
          "Presiding Judge."

In response to said certification, the Supreme Court transmitted to this court the following opinion.

"BROWN, Justice.

"Hardin purchased three cases, seventy-two pints of alcoholic liquors in Tennessee, on which the federal taxes had been paid, containing the proper internal revenue stamps, and transported said liquor in a truck into Madison County, this State, where he was arrested for 'violating the prohibition law.' The liquors did not have the state stamps thereon, nor did the defendant have a license or permit issued by the Board, to deal in liquors or transport or import the same. He had had it in his possession three hours.

"Complaint was made under oath before the clerk of the Circuit Court by the arresting officer charging that 'Larry Hardin did sell or have in possession illegally, give, barter, exchange, receive, deliver, carry or ship, prohibited liquors, contrary to law.'

"On this complaint a warrant, issued by the clerk commanding Hardin's arrest for 'violating the prohibition law' returnable unto the Circuit Court, where he was subsequently tried, by the court without the intervention of a jury, resulting in his conviction and fine of one hundred dollars, and failing to pay the fine, was sentenced to hard labor for thiry days for the pay-

ment of the fine and seventy-four days for the payment of $54.83 in costs.

· "The judgment of the court recites: 'Defendant, being duly arraigned in open court upon an affidavit on a charge of *violating the prohibition law,* for his plea thereto says he is not guilty; issue joined on said plea. Defendant having withdrawn his demand for a jury in this case, it is submitted to the court upon the evidence. The court, after hearing and considering the evidence, finds the defendant guilty and fixes his fine at One Hundred Dollars.' (Italics supplied.)

"From the judgment of conviction Hardin appealed to the Court of Appeals, and on the original consideration, the court treating the conviction as for a violation of the prohibition law, in a unanimous opinion reversed the judgment and discharged the defendant, stating as a reason therefor that under the provisions of Section 49 of the Alabama Beverage Control Act, Gen.Acts 1936–37, Sp.Sess., p. 80, Code 1940, Tit. 29, § 66, he had three days after receiving said liquors to report the same to the Alabama Beverage Control Board, and have the same taxed and stamped. On application for rehearing there was a division of opinion, the Presiding Judge adhering to the original views, while the other Judges expressed the view, that under that part of the provision of Section 51 of the Alabama Beverage Control Act, Gen.Acts 1936–1937, Sp.Sess., p. 83, Code 1940, Tit. 29, § 68, which provides: 'In all Counties of the State it shall be unlawful for any person, firm or corporation to have in his or its possession any still or apparatus to be used for the manufacture of any alcoholic beverage of any kind, or any alcoholic beverage of *any kind illegally manufactured,* or transported, within the State, *or imported into the State* from any other place without authority of the Alcoholic Control Board of the State, and any person, firm or corporation violating this provision or who transports any *illegally manufactured* alcoholic beverages, or who manufactures illegally any alcoholic beverages, upon conviction, shall be punished as now provided by law' —the defendant is guilty and the judgment should be affirmed. (Italics supplied.)

"The question certified by the Presiding Judge of the Court of Appeals, as 'the sole question involved:' 'The specific question involves the construction of Section 49 of the Alabama Beverage Control Act, *as will be noted in the two opinions of the judges. of this court.* Said opinions are hereby transmitted to you as being the best manner of stating the disagreement of the judges of this court upon which this certification is rested.' (Italics supplied.)

"Courts take judicial notice of the Governor's proclamation declaring the result of the election under the Alcoholic Beverage Control Act and that Madison County, is a "wet" county, within the meaning of said Act; that said Act, and such rules as the Alcoholic Beverage Board, may promulgate within the authority of that Act, regulate the sales, having in possession, receiving, delivering and carrying of alcoholic liquors and beverages in said county.

"This is so by the terms of Section 51 of the Act which provides, inter alia: 'When the returns from said election are tabulated, the Governor shall issue a proclamation declaring the result of the election in each of the counties of the State. In every County where a majority of the electors voting in said election vote "Yes", this Act, and all of its provisions, shall be immediately put into operation in such County, but in every County where a majority of the electors voting in said election vote "No", this Act shall not go into effect in such County, and all laws prohibiting the manufacture and sale of alcoholic liquors or beverages now in force and effect in Alabama shall remain in full force and effect in every such County.'

"It is therefore clear, that of whatever offense Hardin may be guilty under the facts, he is not guilty of 'violating the prohibition law' according to the generally accepted meaning of that phrase. Slater v. State, 230 Ala. 320, 162 So. 130 [132].

"Section 49 of the Alcoholic Beverage Control Act, as to the meaning of which the Judges of the Court of Appeals differ, provides: '*Any person, firm, corporation, club or association of persons, who purchases,* and/or *receives,* and/or who *brings into the State* in any manner whatsoever, any of the articles of alcoholic beverages enumerated herein, which does not have affixed *revenue stamps,* crowns or lids, or stamps or identification as described in this Act, *shall within three (3) days of the receipt of such articles of alcoholic beverages,* report the receipt or purchase of said alcoholic beverages to the board, giving the date of purchase or receipt, the

name of person or firm from who [whom] purchased or received, and a list describing the articles of alcoholic beverages so purchased or received. This report must be made by registered mail, or in person. Any person, firm, corporation, club or association of persons who fails and/or refuses to make the report as required in this subsection, shall be guilty of a misdemeanor and upon conviction shall be fined not less than Five ($5.00) Dollars, nor more than One Hundred ($100.00) Dollars, or imprisoned not to exceed thirty days for each offense.' (Italics supplied.)

"Section 2 of the Alcoholic Beverage Control Act, Code 1940, Tit. 29, § 1, contains a definition of words and phrases, among others—'person' 'club' 'association' 'corporation,' etc.

"Section 6 of the Act, Code 1940, Tit. 29, § 5, provides: 'The functions, duties and powers of the Board shall be as follows: * * *

" '(b) To control the possession, sale, transportation and delivery of alcoholic beverages as enumerated and defined herein. * * *

" '(i) To control the manufacture, possession, sale, consumption, importation, use and delivery of liquor, alcohol and malt and brewed beverages, in accordance with the provisions of this Act; * * * The Board shall require each Alabama manufacturer and each non-resident manufacturer of distilled liquors selling distilled liquors to the Board to make application for and be granted a permit by the Board before distilled liquors shall be purchased from such manufacturer. The Board before issuing such permit shall collect from each applicant permit fee of fifteen dollars ($15.00), which sum shall be paid annually thereafter on application. In the event that any such manufacturer shall, in the opinion of the Board, sell distilled liquors to the Board through *another person* for the purpose of evading this provision relating to permits, the Board shall require such person before purchasing distilled liquors from him, or it, to take out a permit and pay the same fee as hereinabove required to be paid by such manufacturer. All permit fees so collected shall be paid into the State Stores Fund.

" '(j) To grant, issue and suspend or revoke for cause liquor licenses, and alcohol permits, as provided in this Act.' (Italics supplied.)

"Section 7(a), Code 1940, Tit. 29, § 6. 'The Board may from time to time make such regulations not inconsistent with this Act as it shall deem necessary for carrying out the provisions of this Act, and from time to time alter, repeal or amend such regulations, or any of them.'

"Section 19, subsection (3), Code 1940, Tit. 29, § 24. 'All vinous beverages, whether or not manufactured within or without this State, can be sold by the manufacturers only to State Liquor Stores as herein defined. *All other alcoholic beverages* will be manufactured, imported, sold and/or distributed by the Board through the State Liquor Stores in the manner prescribed in this Act.' (Italics supplied.)

"Section 25, subsection (3), Code 1940, Tit. 29, § 39. 'Transporation [transportation] in Original Packages: It shall be unlawful for any licensee or transporter for hire to transport any vinous and/or malt or brewed beverages except in the original containers. It shall be unlawful for any transporter for hire to transport any vinous and/or malt or brewed beverages within this State unless such transporter shall *hold a permit issued by the Board and shall have paid to the Board a permit fee, not exceeding One Hundred ($100) Dollars.'* (Italics supplied.)

"Section 31, Code 1940, Tit. 29, § 47, provides inter alia: 'Every wholesale dealer or distributor shall furnish to the Board a monthly report between the first and tenth of each month for the preceding month, of all orders for alcoholic beverages enumerated and defined herein, purchased through said wholesale dealer and/or distributor from without the State on a *drop shipment and consigned* direct to the person, firm, corporation or association of persons ordering such alcoholic beverages from without this State through such wholesale dealer and/or distributor.' (Italics supplied.)

"Section 36, Code 1940, Tit. 29, § 52, provides among other things:

" 'The Board may promulgate rules and regulations governing the affixing of stamps, crowns or lids on any articles or commodities enumerated herein handled by persons, firms, or corporations operating on interstate common carriers.

" 'Any rules or regulations of the Board when duly made and promulgated, shall have the full force and effect of law. Any person violating such rule when duly made

and promulgated, shall be guilty of a misdemeanor and shall upon conviction be fined not less than Fifty ($50.00) Dollars, nor more than One Hundred ($100.00) Dollars for each offense.'

"Section 37, Code 1940, Tit. 29, § 53, authorizes the Board to require 'All "Common Carriers," contract carriers, buses and trucks transporting alcoholic beverages,' to transmit to the Board periodic statements.

"Section 51, Code 1940, Tit. 29, § 68, also provides: 'In all Counties of the State it shall be unlawful for any person, firm or corporation to have in his or its possession any still or apparatus to be used for the manufacture of any alcoholic beverage of any kind, or any alcoholic beverage of any kind illegally manufactured, *or transported,* within the State, or *imported into* the State from any other place without authority of the *Alcoholic Control Board of the State,* and any person, firm or corporation violating this provision or who transports any illegally manufactured alcoholic beverages, or who manufactures illegally any alcohol beverages, upon conviction, *shall be punished as now provided by law.'* (Italics supplied.)

"This provision is applicable to all counties of the State. Holt v. State, 238 Ala. 2, 193 So. 89.

"Interpreting the provisions of Section 49 of the Act, in the light of these other provisions noted above, it is our conclusion that said section refers to licensees of the Board, and gives such licensees three days from the receipt of goods which they are authorized by license to possess, transport or sell, to report the same for taxation, and penalize such licensees for the failure to so report.

"Said section is not applicable to persons not licensees who bring into the State untaxed liquors or beverages. Under the facts the defendant if guilty at all is guilty of violating the provisions of the last clause of Section 51 quoted above, which makes it a misdemeanor to import into the State, without authority of the Board, untaxed liquors and beverages.

"The italicized provision 'shall be punished as *now provided by law,'* evinces a legislative intent by reference to adopt the provisions of Section 4704 of the Code 1923 [Code 1940, Tit. 29, § 173], prescribing the penalty for unlawful transportation of liquors into the State, and under the doctrine of 'reference and adoption' the provisions of that section of the Code prescribing the penalty will be read into the statute. Phoenix Assurance Company of London v. Fire Department of the City of Montgomery, 117 Ala. 631, 23 So. 843, 42 L.R.A. 468; Cleveland v. State, 16 Ala.App. 336, 337, 77 So. 930.

"Let this opinion be certified to the Court of Appeals.

"All the Justices concur in the opinion; KNIGHT, Justice, however, does not wish to be understood as holding that the Alcoholic Beverage Control Act was constitutionally enacted."

As will be noted in the foregoing "response," the Supreme Court stated, that Section 49 of the Alabama Beverage Control Act applies only to *licensees* of the Board, and gives such licensees three days from receipt of goods * * to report the same for taxation, thereby holding that the words in said Section 49, viz., "Any person, firm, corporation, club or association of persons," etc. apply only to *licensees,* and not to any such of said persons, etc., supra, who are not licensees. The wording of said section does not so state; but, the Supreme Court having thus held, this court perforce, under provisions of Section 7318 of the Code 1923, Code 1940, Tit. 13, § 95, must conform to the holding and decision of the Supreme Court.

It will also be noted, after a consideration of the certified question and the statement of a full premise in the opinion of the Supreme Court, supra, it was stated: "It is therefore clear, that of whatever offense Hardin [this appellant] may be guilty under the facts, he is not guilty of 'violating the prohibition law' according to the generally accepted meaning of that phrase. Slater v. State, 230 Ala. 320, 162 So. 130, 132." Said opinion further holds: "Under the facts the defendant if guilty at all is guilty of violating the provisions of the last clause of § 51 quoted above, which makes it a misdemeanor to import into the State, without authority of the Board, untaxed liquors and beverages."

From the foregoing; which, as stated, we must follow, the judgment of conviction from which this appeal was taken is of no force and effect, and cannot avail, as the prosecution, upon which said judgment is rested, is for the violation of another and different statute, and is not based upon a

charge or accusation of violating the rules and provisions of the Alabama Beverage Control Act, Gen. and Local Acts of Alabama, 1936–1937, Sp.Sess., p. 40 et seq., Code 1940, Tit. 29, §§ 1–9, 12–78, in accordance with the opinion of the Supreme Court, supra. See also Slater v. State, 230 Ala. 320, headnotes 4, 5, 162 So. 130. The application for rehearing must be overruled.

Opinion corrected and extended.

Application overruled.

### After Remandment.

BRICKEN, Presiding Judge.

The order of this court heretofore rendered reversing the judgment of conviction from which this appeal was taken, and rendering judgment discharging defendant from further custody in this proceeding, must be, and is, hereby modified, and an order now made and entered reversing the said judgment of conviction and *remanding* the case to the court below for further proceedings as directed by the Supreme Court on certiorari. Code 1940, Title 13, Chapter 3, Section 95. Code 1923, Section 7318.

The history of this case, from the initial prosecution to the present time, has been unusual. Several opinions by the two appellate courts have been herein rendered. The original prosecution of the defendant in this case was as for the violation of the prohibition laws of the State which were in force and effect, before and at the time of the adoption of the Alabama Beverage Control Act, Code 1940, Tit. 29, § 1 et seq. This was erroneous, the prosecution should have been as for the violation of the provisions of said Alabama Beverage Control Act, as the offense was alleged to have been committed in Madison County, which is a so-called "wet county," where said Act controls and governs.

■ Much confusion exists we are officially informed, and personally know, relative to how prosecutions should be begun, for the violation of the prohibition laws, or laws to promote temperance in this State. The simplest solution of this much debated question is—where the offense is alleged to have been committed in any of the 24 "wet counties" of the State, the prosecution should be instituted and based as for a violation of the Alabama Beverage Control Act; and, contra; where the offense is alleged to have been committed in the "dry counties" of the State, the prosecution should be begun under the provisions of the prohibition laws of the State as they existed *before* the Alabama Beverage Control Act was enacted. All this, of course, to be governed and controlled in addition to the respective acts, by such constructions as may have been or may be hereafter placed thereon by the appellate courts of this State.

Reversed and remanded.