16 So.2d 193

**THOMPSON v. STATE.**

8 Div. 342.

Court of Appeals of Alabama.

June 30, 1943.

Rehearing Denied Oct. 5, 1943.

S. A. Lynne, of Decatur, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and W. W. Callahan, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

On the 18th day of February, 1939, an affidavit was made before Charles E. Bragg, ex-officio Judge of Lawrence County Court, charging that Guy Sutton "did sell or have in his possession illegally, give, barter, exchange, receive, deliver, carry or ship, prohibited liquors, contrary to law, against the peace and dignity of the State."

On the same day a writ of arrest was issued by the Clerk of the County Court of Lawrence County, Alabama, commanding any lawful officer to arrest Guy Sutton and bring him before the Judge of the County Court, on the 6th day of March next, to answer the State of Alabama on a charge of violating the prohibition law. The writ of arrest was returned executed by the Sheriff by arresting the defendant and committing him to jail.

On the 19th day of February, 1939, the defendant, Guy Sutton, and H. C. Thompson and Richard Winton, as sureties, executed and delivered a bond to the Sheriff of Lawrence County, Alabama, which he approved, and which is in words and figures as follows:

"The State of Alabama, ⎫ County Court
Lawrence County ⎭

We, Guy Sutton * * * agree to pay to the State of Alabama Three Hundred Dollars, unless the said Guy Sutton appears at the next term of the County Court of said County, and from term to term thereafter, until discharged by law, to answer the offense of violating prohibition law and each of us, hereby waive all and any right or claim to all claims to exemption we or either of us have now, or may hereafter have, under the Constitution and Laws of Alabama.

"Guy Sutton        (L.S.)
"H. C. Thompson    (L.S.)
"Richard Winton    (L.S.)"

Upon the execution and delivery of said bond and approval of same, the defendant, Guy Sutton, was released from custody.

At a later date, on October 2, 1939, the affidavit appears to have been amended.

On the same day the case was called in the County Court and the defendant Sutton defaulted and failed to appear and upon motion of the Solicitor the bond was declared forfeited and a capias issued for Sutton's arrest, and the judgment entry further recites:

"It appearing to the court that the said defendant together with H. C. Thompson and Richard Winton agreed to pay the State of Alabama, Three Hundred Dollars, unless the said Guy Sutton appeared at this term of the Court to answer in this cause; and the said Guy Sutton having failed to appear it is therefore, ordered that the State of Alabama for the use of Lawrence County have and recover of the said Guy Sutton, H. C. Thompson and Richard Win-

ton on said undertaking, the sum of Three Hundred Dollars, unless they appear at the next term of this Court and show cause why this judgment should not be made absolute.

"And the Sheriff will therefore, by serving a copy of this conditional judgment, notify them that this said conditional judgment will be made absolute against them in this court, unless they appear and show cause against the same."

A sci. fa. to the bondsmen was executed on H. C. Thompson on December 30, 1939.

On October 7, 1940, the conditional judgment against the defendant and his bondsmen was made final the order of the court being in words and figures as follows:

"This day came the State of Alabama, by its Solicitor, Jas. P. Miller, who prosecutes for the State of Alabama, and upon motion of the Solicitor that judgment be made final in this cause against surety H. C. Thompson for the sum of Three Hundred Dollars, and said motion being considered by the court, the court is of the opinion that said motion should be granted.

"It appearing to the satisfaction of the court that heretofore a conditional judgment was rendered against the defendant and his said sureties, to-wit: H. C. Thompson and Richard Winton on account of defendant's failure to appear at a former term of this court, and the defendant now failing to appear and offering no excuse for his failure to appear at a former term of this court, and the same being considered by the court, it is, therefore, ordered and adjudged by the court that the motion of the Solicitor be, and the same is hereby granted, and that judgment be, and the same is hereby entered and made final in this cause for the sum of Three Hundred Dollars, besides all costs of this proceeding against the said surety, H. C. Thompson.

"It is therefore, ordered and adjudged by the Court that the State of Alabama, for the use of Lawrence County have and recover of the surety, H. C. Thompson the said sum of Three Hundred Dollars in this cause, besides all costs of this proceeding, and for the recovery of which let execution issue.

"It further appearing to the Court that the said defendant and his said sureties in said undertaking waived all rights of claim of exemptions of personal property under the Constitution and Laws of Alabama. It is therefore, ordered and adjudged by the court that as against the collection of this

judgment and costs there is no exemptions as to personal property allowed the said surety, H. C. Thompson and the Clerk of this court is hereby ordered to endorse such waiver of exemption on any execution issued on this judgment."

On the 30th day of December, 1942, the appellant, Thompson, filed a motion in the Lawrence County Court to open, vacate, set aside and annul the judgment against him and to stay and quash the execution and all process to enforce same, on the ground that the judgment was void and failed to recite jurisdictional facts, and on the further ground that the conditional judgment was prematurely entered, and that the bond upon which the forfeiture was predicated was indefinite and uncertain and failed to describe an indictable offense.

There are some fourteen grounds of the motion in which the various reasons were stated in different ways.

On the 20th day of January, 1943, the Lawrence County Court overruled the motion and surety Thompson appealed from that order and brings the case here for review. He has also filed a mandamus to require the Judge of the county court to expunge the judgment on the same grounds assigned in the motion.

As we read the appellant's (petitioner's) brief his main insistence seems to be that the final judgment was void because the conditional 'judgment was insufficient for the reason that the bail bond failed to describe a punishable offense. It is contended that the words "to answer the offense of violating the prohibition law" does not describe or designate an indictable offense. "In fact," says appellant (petitioner), "it charges no offense whatever."

We were of the opinion that the terms "violating the prohibition law" have, by common usage both on the part of the laity and the reviewing courts of the State, by the employment in their opinions acquired a definite signification in this State, and we applied the rule to affidavits. The Supreme Court of Alabama, to whose decisions we must conform, entertains a different idea. Slater v. State, 230 Ala. 320, 162 So. 130.

 However, in State v. Eldred, 31 Ala. 393, for reasons very satisfactorily stated in the opinion, our Supreme Court ruled that the fact that the bail bond failed to describe an indictable offense was no defense to a proceeding to enforce the obligation of the bond. That ruling was followed in the Vasser case, Vasser v. State, 32 Ala 586.

 We, therefore, are of the opinion that there is no merit in the appeal and that the judgment of the court below should be affirmed, and the mandamus denied. La Grotta v. United States, 8 Cir., 77 F.2d 673, 103 A.L.R. 527. And it is so ordered.

Affirmed and mandamus denied.