18 So.2d 418

### ROYALS v. STATE.

4 Div. 337.

Supreme Court of Alabama.

May 18, 1944.

Rehearing Denied June 22, 1944.

Jas. A. Mulkey, of Geneva, for the petition.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., opposed.

BROWN, Justice.

The petitioner Jake Royals, was tried and convicted in the Inferior Court of Geneva County, created by Act No. 538 of the Legislature, approved September 16, 1939, Loc.Acts 1939, pp. 329–336, of the offense described by § 337, Code 1940, Tit. 14—fraudulently bringing into this state personal property which he knew was stolen elsewhere.

678

The prosecution was instituted by one D. O. Ganey, by complaint made before a Justice of the Peace, and warrant issued returnable to said Inferior Court, as authorized by the Act of its creation, Loc. Acts 1939, § 11, p. 333, alleging "on oath, *that he has probable cause for believing,* and does believe that within twelve months before making this affidavit one Tom Jake Royals did fraudulently bring into the State of Alabama, one hog of the value of twenty dollars, which he knew to have been stolen in the State of Florida."

After trial the inferior court entered the following judgment: "January 5, 1942; On hearing the evidence in this case the Court is satisfied of the guilt of the defendant and hereby awards the following punishment: A fine of $100.00 and the cost of this proceeding, and in addition thereto that defendant perform hard labor for Geneva County for a period of 9 months."

From this judgment, petitioner appealed to the circuit court, where he was tried de novo, on a complaint filed by the solicitor, the trial resulting in his conviction, followed by the assessment of a fine of $100 and the imposition of additional punishment at hard labor for the county for nine months.

From that judgment he appealed to the Court of Appeals where the judgment was affirmed.

The petitioner's contention here, stated in the language of brief filed in his behalf is: " * * * that the initial affidavit was void, and it is our further insistence that where the initial affidavit in a misdemeanor case is not merely irregular, but void, conferring no jurisdiction, and the statute of limitations has perfected a bar, the defendant should, by the appellate court, be discharged. * * *. It is our further insistence that the judgment of the Inferior Court was wholly insufficient and such a judgment could not confer jurisdiction on the Circuit Court. Nowhere do we find any adjudication of the defendant's guilt."

Slater v. State, 230 Ala. 320, 162 So. 130; Miles v. State, 94 Ala. 106, 11 So. 403, and Butler v. State, 130 Ala. 127, 30 So. 338, are cited to sustain the first stated contention, and Oliver v. State, 25 Ala. App. 34, 140 So. 180, to sustain the second.

■■ To meet the requirements of § 5 of the Constitution, the complaint in misdemeanor cases must show probable cause

supported by oath, and must designate the misdemeanor by name, or by some phrase which in common parlance designates it, and if the affiant undertakes to "set out the facts or constituents of the offense, he must do so with sufficient definiteness and accuracy as to enable the justice of the peace or judge of the court to see that an offense is charged, and so that the party charged may know the 'nature and cause of his accusation.'" Miles v. State, 94 Ala. 106, 11 So. 403; Slater v. State, 230 Ala. 320, 162 So. 130; Butler v. State, 130 Ala. 127, 30 So. 338, 339.

In the last cited case it was observed: "The affidavit or sworn complaint made before the justice of the peace initiating this prosecution, and upon which Butler was tried in the justice's court, is wholly insufficient as the basis for a warrant of arrest or further prosecution of the defendant, for that it is not the affirmation of the existence of *probable cause* for believing and the belief of affiant, but the affirmation of his mere *opinion* that the offense of larceny of four sheep has been committed, and that William Butler is guilty thereof. Such a complaint will not support the judgment of the justice, nor the statement filed by the solicitor in the county court, nor the judgment of the county court." Butler v. State, supra.

■■ In the case at bar the complainant affirms on oath that the affiant has probable cause for believing and does believe that the defendant "did fraudulently bring into the State of Alabama, one hog of the value of twenty dollars, which he knew to have been stolen in the State of Florida." This affirmation on oath was sufficient under the Constitution and authorities to save the initial affidavit from being adjudged void. The demurrer filed in the inferior court did not specifically take the point that the name of the party injured was not stated. This was an amendable defect. Section 11, Loc.Acts 1939, supra.

■ The language of the judgment of the inferior court, "On hearing the evidence in this case the Court is satisfied of the guilt of the defendant," followed by the assessment of a fine and the imposition of sentence to hard labor for the county as additional punishment, was sufficient to sustain the jurisdiction of the circuit court on the defendant's appeal. Roberson v. State, 123 Ala. 55, 26 So. 645; Wilson v. State, 238 Ala. 496, 192 So. 54.

The writ of certiorari is due to be denied.

Writ denied.

GARDNER, C. J., and THOMAS, FOSTER, LIVINGSTON, and STAKELY, JJ., concur.