(77 South. 930)

CLEVELAND v. STATE. (6 Div. 398.)

(Court of Appeals of Alabama. Jan. 26, 1918.)

1. STATUTES ⟪8½(2)—NOTICE OF INTENTION TO APPLY FOR ENACTMENT.

Under Const. 1901, § 106, requiring notice of intention to apply for passage of local law to "state the substance of the proposed law," an act "to provide a better system of roads for Blount county" (Loc. Acts 1915, pp. 184–190), is unconstitutional, since the notice therefor was for "a road law, requiring eight days' work or the payment of $5, money to be paid to an authorized person under bond in each precinct, the road to be worked by contract or district foremen under bond, by direction of the commissioners' court," which was notice of the substance of but one section of the act, which contained 22 other sections and embodied a complete system for the construction and maintenance of the public roads of the county. (Response of Supreme Court to certified question.)

2. HIGHWAYS ⟪122—REPEAL OF CODE SECTIONS ADOPTED IN STATUTE BY REFERENCE.

Certain Code sections imposing the duty to perform service in maintaining the public roads, having been by reference adopted in the act to provide a better system of public roads for Blount county, approved February 27, 1907 (Loc. Acts 1907, p. 272), as amended by act approved April 7, 1911 (Loc. Acts 1911, p. 221), were not, as so adopted and embodied, repealed by their repeal as part of the general law by Gen. Acts 1915, p. 623.

Appeal from Circuit Court, Blount County; J. E. Blackwood, Judge.

Grover Cleveland was prosecuted for fail-

ure to perform road duty, and appeals from adverse judgment. Reversed and remanded.

Russell & Johnson, of Oneonta, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

Certification of Questions to Supreme Court.

We hereby certify that in disposing of this case, it is necessary to determine whether or not the act entitled "An act to provide a better system of public roads for Blount county," approved August 28, 1915 (Loc. Acts 1915, pp. 184–190), was constitutionally enacted, the specific question presented being whether or not the notice in the following words:

"Notice is hereby given that the following bills will be introduced in the next Legislature:

"A road law, requiring eight days' work or the payment of $5, money to be paid to an authorized person under bond in each precinct, the road to be worked by contract or district foremen under bond, by direction of the commissioners' court.

"A law requiring members of commissioners' court to give bond.

"A law to abolish the county treasurer's office"

—and found on the legislative journals (House Journal, p. 1752; Senate Journal, p. 2153), is a sufficient compliance with the provisions of section 106 of the Constitution. requiring that notice of the intention to apply for the passage of a local or special law "shall state the substance of the proposed law."

This question is respectfully certified for determination by the Supreme Court, as required by the act creating the Court of Appeals, and for the convenience of the Supreme Court a copy of the opinion of the Court of Appeals is hereto appended. This the 17th day of January, 1918.

Response of Supreme Court.

SOMERVILLE, J. The Court of Appeals certifies to this court for determination the following question: Was "An act to provide a better system of public roads for Blount county," approved August 28, 1915 (Local Acts 1915, pp. 184–190), enacted in conformity with the requirements of section 106 of the Constitution?

This section requires that notice of intention to apply for the passage of a local law shall be published in the county where the matter or thing to be affected is situated, and that such notice shall "state the substance of the proposed law." The notice given in this case was for "a road law, requiring eight days' work or the payment of $5, money to be paid to an authorized person under bond in each precinct, the road to be worked by contract or district foremen, under bond, by direction of the commissioners' court."

[1] It requires neither argument nor au-

thority to support the conclusion, which seems immediately and, indeed, obtrusively apparent, that notice of the substance of one section (8) of an act containing 22 other sections, and embodying, as its title indicates, a complete system for the construction and maintenance of the public roads of the county, is utterly insufficient to meet the constitutional requirement. In the enforcement of the higher law, this court must, though with reluctance, pronounce the local act in question unconstitutional and void.

Let this opinion be certified to the Court of Appeals. All the Justices concur.

### Opinion of Court of Appeals.

BROWN, P. J. The questions determinative of this appeal are: First, whether or not the act entitled "An act to provide a better system of public roads for Blount county," approved February 27, 1907, as amended by the subsequent act approved April 7, 1911, is repealed by the act carrying the same title, approved August 28, 1915 (Local Acts 1915, pp. 184–190); and, second, if the act first above referred to was not repealed by the local act of 1915, whether its repeal was effected by the act approved September 20, 1915 (General Acts 1915, p. 623), repealing certain sections of the Code imposing the duty to perform service in maintaining the public roads.

The appellant insists that section 106 of the Constitution was violated in the passage of the local act of 1915, in that the notice found in the legislative journals, in these words:

"Notice is hereby given that the following bills will be introduced in the next Legislature:

"A road law, requiring eight days' work or the payment of $5, money to be paid to an authorized person under bond in each precinct, the road to be worked by contract or district foremen under bond, by direction of the commissioners' court.

"A law requiring members of commissioners' courts to give bond.

"A law to abolish the county treasurer's office." (House Journal, p. 1752; Senate Journal, p. 2153.)

—does not state the substance of the proposed law. When this notice is read in connection with the bill offered, and which was subsequently enacted and approved (Local Acts 1915, pp. 184–190), we entertain the opinion that this contention of appellant must be sustained. Wallace v. Jefferson County, 140 Ala. 491, 37 South. 321; Walker v. State, 142 Ala. 7, 39 South. 242; Elba v. Rhodes, 142 Ala. 689, 38 South. 807; State v. Williams. 143 Ala. 501, 39 South. 276; Alford v. Hicks, 142 Ala. 355, 38 South. 752; Lloyd Thomas v. State, ante, p. 145, 75 South. 821.

The act of 1907, as amended by that of 1911, provides:

"That all male citizens of said county subject to road duty under the general laws of

16 ALA.APP.—22

Alabama, shall be subject to road duty in said county and shall work on the public roads thereof, four days in each year."

This statute is complete in and of itself, and by reference adopts the provision of the general law of the state defining liability to road duty.

"In the construction of such statutes, the statute referred to, is treated and considered, as if it were incorporated into, and formed part of that which makes the reference. * * * The two statutes coexist as separate and distinct legislative enactments, each having its appointed sphere of action; and the alteration, change, or repeal of the one, does not operate upon or affect the other." Phœnix Assurance Co. v. Fire Department, 117 Ala. 631, 23 South. 843, 42 L. R. A. 468; Savage v. Wallace, 165 Ala. 575, 51 South. 605; Beason v. Shaw, 148 Ala. 546, 42 South. 611, 18 L. R. A. (N. S.) 566; Darrington v. State, 162 Ala. 63, 50 South. 396; Sloss-Sheffield S. & I. Co. v. Smith, 175 Ala. 265, 57 South. 29; State v. Lamar, 5 Ala. App. 259, 59 South. 737; Lewis Sutherland, Statutory Construction (2d Ed.) § 257.

[2] It results that the repeal of the general law, as embodied in the sections of the Code referred to in the General Act of September 20, 1915, did not operate to repeal those sections of the Code as adopted and embodied in the local acts of 1907 and 1911, and the court of county commissioners was without authority, under the provisions of the act approved September 22, 1915, known as the Goode law (Acts 1915, p. 573), to establish, promulgate, or enforce rules and regulations inconsistent with the provisions of the local law in force in Blount county. The Goode law provides that the court of county commissioners may establish, promulgate, and enforce rules and regulations, make and enter into such contracts as may be deemed necessary or advisable by such court or board, to build, construct, make, improve, and maintain a good system of public roads, bridges, and ferries in their respective counties, and regulate the use thereof, etc. Provided, however, that nothing in this act shall be construed to authorize the court of county commissioners, board of revenue, or other like governing bodies of the several counties to establish, promulgate, or enforce any rules, regulations, or laws which may be in conflict with local or special laws providing for the working, maintenance, change, discontinuance, or improvement of the public roads, bridges, or ferries of such county, now in force or which may hereafter be enacted.

It appearing from the agreed statement of facts on which this case was tried that the defendant had fully performed road duty as required by the Local Acts of 1911, the judgment of the circuit court must be reversed and one here rendered discharging the defendant.

Reversed and rendered.