200 So. 428

**NEWTON v. STATE.**

4 Div. 640.

Supreme Court of Alabama.

Jan. 21, 1941.

2

**THOMAS, Justice.**

The following questions have been propounded to the Supreme Court of Alabama for answer under Section 7311 of the Code of Alabama of 1923, in consideration of the above-styled case:

"1. Does it constitute a violation of law to transport such liquors or beverages from one (so-called) wet county to another such (wet) county, through or over a (so-called) dry county when such liquors or beverages have been purchased from a legally authorized sales agency in a wet county of the State?

"2. Does it constitute a violation of law for a licensee (of the Alabama Beverage Control Board under the provisions of said Act) to transport through or over a (so-called) dry county of Alabama malt or brewed beverages, in .importing said beverages (legally obtained from another State), to his place of business in a wet county of this State?"

The case of Williams v. State, 28 Ala.App. 73, 179 So. 915, certiorari denied

235 Ala. 520, 179 So. 920, was disapproved or extended in its interpretation of Section 51, Gen.Acts of Alabama, Special Session 1936–37, pp. 81–83, in Holt v. State, 238 Ala. 2, 193 So. 89, 90, by the use of the following words: "This does not prevent the application in dry counties of such features as were evidently intended to apply there."

For convenient reference, it should be stated that the constitutionality of the Alabama Beverage Control Act, General Acts, Special Session, 1936–37, p. 40, was sustained by this court in State ex rel. Wilkinson v. Murphy, 237 Ala. 332, 186 So. 487, 121 A.L.R. 283, Justice Knight dissenting as therein set out.

In his special concurrence in Holt v. State, 238 Ala. 2(10), 193 So. 89, 96, Mr. Justice Brown said: "The final and specific utterance by the Court of Appeals in the Williams case 'it is our view that a proper construction of said act is *that it applies solely to the "wet" counties of the state'* is unsound and to that extent a least it should be disapproved. (Italics supplied.)"

This view is in accord with the opinion of the majority of this court in the Holt case, supra, and with this opinion. Therefore, it is apparent that the Holt case, supra, modifies the holding of the Court of Appeals in Williams v. State, supra, as to the broad language used in that opinion.

We are, however, of the opinion that the questions now propounded to this Court by the Court of Appeals were not categorically decided by the Holt case, supra.

Under the agreed statement of facts, a due compliance with the revenue statutes that obtain is shown to have been made by the Five Point Beverage Company and its agency or agent in question, defendant driver and its truck. It is also shown that the tax on the beers in the truck in question had been paid at the time the case was made. Under the agreed statement of facts the questions here certified have been considered by all of the Justices of this court.

When the Alabama Beverage Control Act, General Acts of Alabama, Extra Session 1936–37, p. 40, has application, there are several provisions thereof giving the right and power to the Board to make reasonable rules in the due supervision of the conduct, management and operation of the sale and distribution within the state of alcoholic,

4

malt or brewed beverages, and vinous beverages of an alcoholic content, as set out in various sections of the act. Gen.Acts, Extra Session, 1936–37, p. 40, §§ 26 and 37, pp. 67 and 73, respectively; § 25(3), p. 65; § 28, pp. 67 and 68; § 36, pp. 72 and 73.

We are of opinion that a reasonable construction of the Alabama Beverage Control Act, supra, and its many provisions here applicable, for instance, § 25(3), p. 65; § 51, pp. 81–83; § 26, p. 67; §§ 31 and 32, pp. 68 and 69; § 33, p. 70 and §§ 34 and 35, pp. 71 and 72, must be given to comport with the legislative intent found within the four corners of the act.

Therefore, the foregoing questions propounded are answered in the negative. We hold that a reasonable interpretation of the statute is that *it was the legislative intent that qualified agents or agencies may* legally and in good faith *transport a liquor or beverage* duly *authorized to be sold and transported under the act* and under the rules and regulations of the Beverage Control Board, in interstate commerce from without the state through a dry county within the state to a wet county within the state; or in intrastate commerce from a wet county within the state to another wet county therein, even though such due and legal transportation may of necessity have to proceed through a dry county or counties of the state. See Larry Hardin v. State, Ala.App., 3 So.2d 83.

The questions are of great importance in the orderly direction and supervision of the conduct, management and operation of the sale and transportation within this state of all alcoholic, malt, brewed or vinous beverages with an alcoholic content, as are defined by the act. When such agent or agency has complied with the act and the rules and regulations of the Alabama Beverage Control Board, which has been authorized by the Legislature of Alabama to supervise and control this important industry, such transportation, in proper and legal manner, is not a violation of the spirit or intent of said act.

It follows that the two above set out questions must be and they are hereby answered in the negative.

All the Justices concur except KNIGHT, J., who dissents on constitutional grounds as stated in his opinion (dissent) in Holt v. State, supra, and State ex rel. Wilkinson v. Murphy, supra.