3 So.2d 89

HARDIN v. STATE.

8 Div. 902.

Supreme Court of Alabama.

Jan. 22, 1941.

**BROWN, Justice.**

Hardin purchased three cases, seventy-two pints of alcoholic liquors in Tennessee, on which the federal taxes had been paid, containing the proper internal revenue stamps, and transported said liquor in a truck into Madison County, this State, where he was arrested for "violating the prohibition law." The liquors did not have the state stamps thereon, nor did the defendant have a license or permit issued by the Board, to deal in liquors or transport or import the same. He had had it in his possession three hours.

Complaint was made under oath before the clerk of the Circuit Court by the arresting officer charging that "Larry Hardin did sell or have in possession illegally, give, barter, exchange, receive, deliver, carry or ship, prohibited liquors, contrary to law."

On this complaint a warrant issued by the clerk commanding Hardin's arrest for "violating the prohibition law" returnable unto the Circuit Court, where he was subsequently tried, by the court without the intervention of a jury, resulting in his conviction and fine of one hundred dollars,

and failing to pay the fine, was sentenced to hard labor for thirty days for the payment of the fine and seventy-four days for the payment of $54.83 in costs.

The judgment of the court recites: "Defendant, being duly arraigned in open court upon an affidavit on a charge of *violating the prohibition law,* for his plea thereto says he is not guilty; issue joined on said plea. Defendant having withdrawn his demand for a jury in this case, it is submitted to the court upon the evidence. The court, after hearing and considering the evidence, finds the defendant guilty and fixes his fine at One Hundred Dollars." [Italics supplied.]

From the judgment of conviction Hardin appealed to the Court of Appeals, 3 So.2d 83, and on the original consideration, the court treating the conviction as for a violation of the prohibition law, in a unanimous opinion reversed the judgment and discharged the defendant, stating as a reason therefor that under the provisions of § 49 of the Alabama Beverage Control Act, Gen.Acts 1936–37, Sp.Sess., p. 80, Code 1940, Tit. 29, § 66, he had three days after receiving said liquors to report the same to the Alabama Beverage Control Board, and have the same taxed and stamped. On application for rehearing there was a division of opinion, the Presiding Judge adhering to the original views, while the other Judges expressed the view, that under that part of the provision of § 51 of the Alabama Beverage Control Act, Gen.Acts 1936–1937, Sp.Sess., p. 83, Code 1940 Tit. 29, § 68, which provides: "In all Counties of the State it shall be unlawful for any person, firm or corporation to have in his or its possession any still or apparatus to be used for the manufacture of any alcoholic beverage of any kind, or any alcoholic beverage of *any kind illegally manufactured,* or transported, within the State, *or imported into the State* from any other place without authority of the Alcoholic Control Board of the State, and any person, firm or corporation violating this provision or who transports any *illegally manufactured* alcoholic beverages, or who manufactures illegally any alcoholic beverages, upon conviction, shall be punished as *now provided by law*"—the defendant is guilty and the judgment should be affirmed. [Italics supplied.]

The question certified by the Presiding Judge of the Court of Appeals, as "the

sole question involved:" "The specific question involves the construction of Section 49 of the Alabama Beverage Control Act, *as will be noted in the two opinions of the judges of this court.* Said opinions are hereby transmitted to you as being the best manner of stating the disagreement of the judges of this court upon which this certification is rested." [Italics supplied.]

■ Courts take judicial notice of the Governor's proclamation declaring the result of the election under the Alcoholic Beverage Control Act and that Madison County is a "wet" county, within the meaning of said Act; that said Act, and such rules as the Alcoholic Beverage Board, may promulgate within the authority of that Act, regulate the sale, having in possession, receiving, delivering and carrying of alcoholic liquors and beverages in said county.

This is so by the terms of § 51 of the Act which provides, inter alia: "When the returns from said election are tabulated, the Governor shall issue a proclamation declaring the result of the election in each of the counties of the State. In every County where a majority of the electors voting in said election vote 'Yes', this Act, and all of its provisions, shall be immediately put into operation in such County, but in every County where a majority of the electors voting in said election vote 'No', this Act shall not go into effect in such County, and all laws prohibiting the manufacture and sale of alcoholic liquors or beverages now in force and effect in Alabama shall remain in full force and effect in every such County."

■ It is therefore clear, that of whatever offense Hardin may be guilty under the facts, he is not guilty of "violating the prohibition law" according to the generally accepted meaning of that phrase. Slater v. State, 230 Ala. 320, 162 So. 130, 132.

Section 49 of the Alcoholic Beverage Control Act, as to the meaning of which the Judges of the Court of Appeals differ provides: *"Any person, firm, corporation, club or association of persons, who purchases,* and/or *receives,* and/or *who brings into the State* in any manner whatsoever, any of the articles of alcoholic beverages enumerated herein, which does not have affixed *revenue stamps,* crowns or lids, or stamps or identification as described in this Act, *shall within three (3) days of the receipt of such articles of alcoholic beverages,* report the receipt or purchase of said alcoholic beverages to the Board, giving the date of purchase or receipt, the name of person or firm from who [whom] purchased or received, and a list describing the articles of alcoholic beverages so purchased or received. This report must be made by registered mail, or in person. Any person, firm, corporation, club or association of persons who fails and/or refuses to make the report as required in this subsection, shall be guilty of a misdemeanor and upon conviction shall be fined not less than Five ($5.00) Dollars, nor more than One Hundred ($100.00) Dollars, or imprisoned not to exceed thirty days for each offense." [Italics supplied.]

Section 2 of the Alcoholic Beverage Control Act, Code 1940, Tit. 29, § 1, contains a definition of words and phrases, among others—"person" "club" "association" "corporation," &c.

Section 6 of the Act, Code 1940, Tit. 29, § 5, provides: "The functions, duties and powers of the Board shall be as follows: * * *

"(b) ·To control the possession, sale, transportation and delivery of· alcoholic beverages as enumerated and defined herein. * * *

"(i) To control the manufacture, possession, sale, consumption, importation, use and delivery of liquor, alcohol and malt and brewed beverages, in accordance with the provisions of this Act; * * * The Board shall require each Alabama manufacturer and each non-resident manufacturer of distilled liquors selling distilled liquors to the Board to make application for and be granted a permit by the Board before distilled liquors shall be purchased from such manufacturer. The Board before issuing such permit shall collect from each applicant permit fee of fifteen dollars ($15.00), which sum shall be paid annually thereafter on application. In the event that any such manufacturer shall, in the opinion of the Board, sell distilled liquors to the Board through *another person* for the purpose of evading this provision relating to permits, the Board shall require such person before purchasing distilled liquors from him, or it, to take out a permit and pay the same fee as hereinbefore required to be paid by such manufacturer. All permit fees so collected shall be paid into the State Stores Fund.

"(j) To grant, issue and suspend or revoke for cause liquor licenses, and alcohol permits, as provided in this Act." [Italics supplied.]

Section 7 (a), Code 1940, Tit. 29, § 6. "The Board may from time to time make such regulations not inconsistent with this Act as it shall deem necessary for carrying out the provisions of this Act, and from time to time alter, repeal or amend such regulations, or any of them."

Section 19, subsection (3), Code 1940, Tit. 29, § 24. "All vinous beverages, whether or not manufactured within or without this State, can be sold by the manufacturers only to State Liquor Stores as herein defined. *All other alcoholic beverages* will be manufactured, imported, sold and/or distributed by the Board through the State Liquor Stores in the manner prescribed in this Act." [Italics supplied.]

Section 25, subsection (3), Code 1940, Tit. 29, § 39. "Transporation [transportation] in Original Packages: It shall be unlawful for any licensee or transporter for hire to transport any vinous and/or malt or brewed beverages except in the original containers. It shall be unlawful for any transporter for hire to transport any vinous and/or malt or brewed beverages within this State unless such transporter shall *hold a permit issued by the Board and shall have paid to the Board a permit fee, not exceeding One Hundred ($100) Dollars."* [Italics supplied.]

Section 31, Code 1940, Tit. 29, § 47, provides inter alia: "Every wholesale dealer or distributor shall furnish to the Board a monthly report between the first and tenth of each month for the preceding month, of all orders for alcoholic beverages enumerated and defined herein, purchased through said wholesale dealer and/or distributor from without the State on a *drop shipment and consigned* direct to the person, firm, corporation or association of persons ordering such alcoholic beverages from without this State through such wholesale dealer and/or distributor." [Italics supplied.]

Section 36, Code 1940, Tit. 29, § 52, provides among other things:

"The Board may promulgate rules and regulations governing the affixing of stamps, crowns or lids on any articles or commodities enumerated herein handled by persons, firms, or corporations operating on interstate common carriers.

"Any rules or regulations of the Board when duly made and promulgated, shall have the full force and effect of law. Any person violating such rule when duly made and promulgated, shall be guilty of a misdemeanor and shall upon conviction be fined not less than Fifty ($50.00) Dollars, nor more than One Hundred ($100.00) Dollars for each offense."

Section 37, Code 1940, Tit. 29, § 53, authorizes the Board to require "All 'Common Carriers,' contract carriers, buses and trucks transporting alcoholic beverages," to transmit to the Board periodic statements.

Section 51, Code 1940, Tit. 29, § 68, also provides: "In all Counties of the State it shall be unlawful for any person, firm or corporation to have in his or its possession any still or apparatus to be used for the manufacture of any alcoholic beverage of any kind, or any alcoholic beverage of any kind illegally manufactured, *or transported,* within the State, or *imported into* the State from any other place without authority of the *Alcoholic Control Board of the State,* and any person, firm or corporation violating this provision or who transports any illegally manufactured alcoholic beverages, or who manufactures illegally any alcoholic beverages, upon conviction, *shall be punished as now provided by law."* [Italics supplied.]

This provision is applicable to all counties of the State. Holt v. State, 238 Ala. 2, 193 So. 89.

Interpreting the provisions of § 49 of the Act, in the light of these other provisions noted above, it is our conclusion that said section refers to licensees of the Board, and gives such licensees three days from the receipt of goods which they are authorized by license to possess, transport or sell, to report the same for taxation, and penalize such licensees for the failure to so report.

Said section is not applicable to persons not licensees who bring into the State untaxed liquors or beverages. Under the facts the defendant if guilty at all is guilty of violating the provisions of the last clause of § 51 quoted above, which makes it a misdemeanor to import into the State, without authority of the Board, untaxed liquors and beverages.

The italicized provision "shall be punished as *now provided by law,"* evinces a legislative intent by reference to adopt

8

the provisions of § 4704 of the Code 1923, Code 1940, Tit. 29, § 173, prescribing the penalty for unlawful transportation of liquors into the State, and under the doctrine of "reference and adoption" the provisions of that section of the Code prescribing the penalty will be read into the statute. Phoenix Assurance Company of London v. Fire Department of the City of Montgomery, 117 Ala. 631, 23 So. 843, 42 L.R.A. 468; Cleveland v. State, 16 Ala. App. 336, 337, 77 So. 930.

Let this opinion be certified to the Court of Appeals.

All the Justices concur in the opinion; KNIGHT, Justice, however, does not wish to be understood as holding that the Alcoholic Beverage Control Act was constitutionally enacted.