14 So.2d 587
**WILLIAMSON v. STATE ex rel. EVANS,
Deputy Solicitor.**

7 Div. 729.

Supreme Court of Alabama.

June 24, 1943.

Rehearing Denied Aug. 7, 1943.

FOSTER, Justice.

The only assignment of error on this appeal is the decree overruling demurrer to the bill in equity.

This is a bill filed by the State to condemn an automobile under section 247, Title 29, Code of 1940, used for transporting prohibited liquors from one point in the State to another point in the State. The bill alleges:

"That on or about the 20th day of August, 1942, the above described vehicle was seized by R. C. Hill and W. D. Mathews, officers of the Alabama Beverage Control Board of the State of Alabama, acting under authority of law in the enforcement of the prohibition laws of Alabama, and Calhoun County being a dry county therein; that the time of such seizure or prior thereto, said vehicle was being used for the purpose of illegally transporting and conveying prohibited liquors and beverages from one point within the State of Alabama to another point within the State, on, along or upon a public highway in Calhoun County, Alabama, and that the owner and operator of said car was Arlin Williamson."

The only ground of demurrer is that there is no equity in the bill.

The only contention in respect to the demurrer made in the brief is that the bill does not show that defendant was not transporting such liquor from a wet county, through Calhoun, a dry county, to another wet county, which it is claimed if true would not justify condemnation under our cases. Newton v. State, 241 Ala. 1, 200 So. 428; Hardin v. State, 241 Ala. 4, 3 So.2d 89.

Appellant would be in better position to contend that the bill should be more specific in that respect, if there were a ground of demurrer going directly to that omission of averment in the bill. But on general demurrer to a bill, if it states an equitable right to relief, the demurrer should be overruled, though the right is defectively pleaded. For such defective pleading will be considered as amended on consideration of a demurrer of that sort. Wood v. Burns, 222 Ala. 650, 132 So. 696;

James L. Carter, of Anniston, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Geo. C. Hawkins, Asst. Atty. Gen., for the State.

8 West's Ala. Dig. Equity, ☞233, p. 531; Pocket Part 8 West's Ala. Dig. Equity, p. 54, ☞ 233.

█ The bill alleges that the transportation was from one point to another in a dry county, and was illegal. That is the statement of an equitable right to condemn. If it should have been more specific as to detail, a specific ground of demurrer should have pointed out the defect. A general ground is not sufficient to do so.

The demurrer was properly overruled. As that is the only assignment of error, we will not review other matters in the record.

Affirmed.

GARDNER, C. J., and BOULDIN and LAWSON, JJ., concur.