26 So.2d 874

**ARMSTRONG v. STATE ex rel. EMBRY.**

7 Div. 838.

Supreme Court of Alabama.
June 27, 1946.

Roberts, Cunningham & Hawkins, of Gadsden, for appellant.

Wm. N. McQueen, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

GARDNER, Chief Justice.

The bill is by the State on relation of the Solicitor of the Sixteenth Judicial Circuit seeking condemnation of a described automobile being used for transportation of prohibited liquors, as authorized by Sec. 247, Title 29, Code 1940.

From a decree overruling the demurrer interposed by defendant Armstrong, the operator and driver of the car, said defendant prosecutes this appeal.

The bill charges that in the County of Etowah, judicially known to be what is commonly referred to as a dry county, the defendant Armstrong, on December 2, 1944, used and operated said defined automobile "in the transportation of illegal whiskey or beverages from one point in the State of Alabama to another point in the State of Alabama; * * * that said officers seized said automobile while it was being so used in the transportation of one quart of Tennessee Bonded whiskey, a part of which was alcohol, and while it was being so used the said automobile was then and is now subject to condemnation and forfeiture under the law and under Sections 247, 248 and subsequent Section of Title 29 of the Code of Alabama 1940."

Counsel for defendant insist the bill is defective in failing to negative that the transportation was from one wet county to another wet county in the State through Etowah, a dry county. Reliance is had upon Newton v. State, 241 Ala. 1, 200 So. 428, 134 A.L.R. 420; Williamson v. State ex rel. Evans, 244 Ala. 609, 14 So.2d 587; Hardin v. State, 241 Ala. 4, 3 So.2d 89.

As a background for the argument, counsel insist that the condemnation statute above referred to is highly penal and should be strictly construed. Such was the language of this Court in Carey v. State, 206 Ala. 351, 89 So. 609, and Thomas v. State, 241 Ala. 381, 2 So.2d 772. But these opinions had reference to the substantive law; that is, that its enforcement is not to be extended beyond the letter. There was no question in those cases concerning the sufficiency of the pleading. The statutes in regard to the prosecution of violators of the prohibition law, as found in Section 119 et seq., Title 29, Code 1940, are, of course, also

highly penal, but so far as the question of procedure is concerned the holding has been, in accordance with the language of the statute, that the indictment or affidavit which substantially follows its provisions is sufficient. See Fitzpatrick v. State, 169 Ala. 1, 53 So. 1021; Kelley v. State, 171 Ala. 44, 55 So. 141; Noltey v. State, 225 Ala. 584, 144 So. 457. "An indictment in broad language was held to be sufficient." Holt v. State, 238 Ala. 2, 193 So. 89, 90.

■ Clearly, so far as the question of pleading is concerned, there is no basis for a stricter requirement in the condemnation statute than in those in which one's liberty is at stake.

We think it may be safely said that an examination of the records of this Court will disclose that bills of this nature under Sec. 247, Title 29, supra, which followed the language of the statute, have at least been acquiesced in as meeting the requirements of good pleading. Illustrative, is the language used in D. & S. Motor Co. v. State, 212 Ala. 371, 102 So. 805, 806, referring to a bill containing language similar to that here considered: "This pleading and proof made out a clear prima facie case for condemnation and forfeiture of this automobile."

And in Schefano v. State, 231 Ala. 391, 164 So. 902, where it was said: "When seized, the truck was loaded with prohibited liquor, and was traveling along a public highway in this State. It was therefore conveying such liquor from one point to another within the state, which was prima facie illegal."

So, here, the language of the bill makes out a prima facie case of illegal transportation of prohibited liquors.

■ The defendant insists that under the authority of Newton v. State, supra, the bill should aver that the transportation was not from one wet county to another wet county and merely passing through a dry county, and that under this authority the automobile would not, under such circumstances, be subject to condemnation. It is our view, however, that this would be defensive matter to be brought forward in the answer and determined upon the proof. 49 C. J. p. 149. It is the general rule that under our liberal rules of pleading it is "usually sufficient to set up a cause of action or defense in the language of the statute creating the same," as observed in Williams v. Bedenbaugh, 215 Ala. 200, 110 So. 286, 289. See 16 Ala.Dig., Pleading, ☞63, pp. 73, 74, and Jefferson County v. Gulf Refining Co., 202 Ala. 510, 80 So. 798, as to statute containing exceptions. .

■ If a defense at all, therefore, it is one to be brought forward by the defendant. We do not read the case of Williamson v. State ex rel. Evans, 244 Ala. 609, 14 So. 2d 587, 588, as holding to the contrary. Indeed, what was meant in the opinion in that case was simply that if there was any merit in the point at all, it should have been taken by an appropriate ground of demurrer. Indeed, we think the following sentence indicates the sufficiency of the bill in that case, where the Court observed: "The bill alleges that the transportation was from one point to another in a dry county, and was illegal. That is the statement of an equitable right to condemn."

The exigencies of this case do not call for a definite decision as to whether or not such is a defense under our very rigid prohibition laws, but if so, we are of the opinion that it is clearly defensive in character.

■ Counsel strenuously insist that Sec. 247, Title 29, Code 1940, authorizing the condemnation of an automobile transporting illegal liquor or beverages, applicable as it is only to dry counties, is in violation of the equal protection clause of the 14th Amendment to the Federal Constitution. The argument is rested upon the theory that such illegal transportation in a dry county subjects the automobile to confiscation, while in a wet county it is only subject to such condemnation if it is being transported for unlawful sale or is without the required stamps. See Holt v. State, 238 Ala. 2, 193 So. 89. We are cited, among other authorities, to 16 C.J.S., Constitutional Law, § 563, page 1133; Galloway v. Wolfe, 117 Neb. 824, 223 N.W. 1, 62 A.L.R. 637; Ex parte Sizemore, 110 Tex.Cr.R. 332, 8 S.W.2d 134, 59 A.L.R. 430; State v. Fowler, 193 N.C. 290, 136 S.E. 709; Teuton v. Thomas, 100 Fla. 78,

129 So. 330; Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220. But a reading of these authorities will disclose they are readily distinguishable from the instant case.

This argument overlooks the underlying principle that in legislation of this character the law-making body was in the exercise of its police power. The State may regulate the manner and circumstances under which the liquor traffic may be conducted and surround the right to pursue it with such conditions, restrictions, and limitations as it deems proper, or prohibit it entirely. Such was the holding of this Court in State ex rel. Wilkinson v. Murphy, 237 Ala. 332, 186 So. 487, 121 A.L.R. 283. This is in line with the current of authority elsewhere. See 33 C.J. p. 505 et seq.

And it is noted in 33 C.J. on page 511, that although a general local option law might have been adopted in some parts of the State and rejected in others, it was not for that reason lacking in uniformity required by the Constitution, provided it was submitted in the same way to all the counties or other subdivisions of the State.

Indeed, we think the defendant's argument is fully answered by the case of Lloyd v. Dollison, 194 U.S. 445, 24 S.Ct. 703, 705, 48 L.Ed. 1062, cited in the brief of the Attorney General, which dealt with the local option law of the State of Ohio. The Court there observed: "Plaintiff in error further urges that to make an act a crime in certain territory and permit it outside of such territory is to deny to the citizens of the state the equal operation of the criminal laws, and this he charges against, and makes a ground of objection to, the Ohio statute. This objection goes to the power of the state to pass a local option law, which, we think, is not an open question. The power of the state over the liquor traffic we have had occasion very recently to decide. We said, affirming prior cases, the sale of liquor by retail may be absolutely prohibited by a state. Cronin v. Adams, 192 U.S. 108, 24 S.Ct. 219 [48 L.Ed. 365]. That being so, the power to prohibit it conditionally was asserted, and the local option law of the state of Texas was sustained. Rippey v. Texas, 193 U.S. 504, 24 S.Ct. 516 [48 L.Ed. 767].

The matter of stamp tax required by what is known as the Alabama Beverage Control Act, Code 1940, Tit. 29, § 1 et seq. (Holt v. State; Hardin v. State, supra), as well as any matter of license, is not here involved. The bill in very plain language, following the provisions of Sec. 247, supra, merely seeks to condemn the automobile for its use in transporting prohibited liquors from one point in the State to another point in the State in a dry county. The stamps, therefore, for revenue purposes, or any question of license, are wholly distinct and not here involved.

 As observed in the Lloyd case, supra, the power of a state to pass a local option law is not open to question. Under the police power the State may prohibit the sale of liquor absolutely or conditionally, as the lawmakers deem best. Wilkinson v. Murphy, supra.

We therefore conclude that the decree overruling the demurrer is free from error and is due to be affirmed. It is so ordered.

Affirmed.

All the Justices concur except BROWN, J., who dissents.