34 So.2d 508

## STEPHENS v. STATE.

### 6 Div. 480.

Court of Appeals of Alabama.
March 9, 1948.

Rehearing Denied March 23, 1948.

470

Jack H. McGuire, Jas. W. Strudwick and McGuire & Strudwick, all of Tuscaloosa, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecution in this case was begun in the Inferior Court of Tuscaloosa County and was based upon affidavit and warrant which charged him, in proper form and substance, with the offense of violating the State prohibition laws. From the judgment of conviction in said court, the defendant appealed to the circuit court.

In the circuit court he was tried by a jury on a complaint filed by the Solicitor as follows: "The State of Alabama, by its Solicitor, complains of Cleave Stephens' that, within twelve months before the commencement of this prosecution, he (she) did buy, sell or have in possession illegally, give, barter, exchange, receive, deliver, carry, or ship prohibited liquors, contrary to law, against the peace and dignity of the State of Alabama."

Upon the trial in the circuit court, the evidence was without dispute or conflict. It tended to show conclusively that the defendant was arrested on a public highway in Tuscaloosa County, Alabama (a dry county), and was found to be in possession of twenty-four bottles, each containing four-fifths of a quart of State Store whiskey, which he admitted belonged to him when apprehended. Said twenty-four bottles of whiskey was admitted in evidence upon the trial of the case.

The only witness for defendant was his wife and her testimony tended to corroborate in detail the evidence adduced by the State. She testified in substance that she and her husband (appellant), also his brother Vaughn, left New Orleans early in the morning, on the day in question and stopped in the town of Eutaw, Greene County, Alabama, and her husband

purchased the twenty-four bottles of whiskey from the State Store in Eutaw; that the whiskey was in sacks and that she and her husband carried the packages of whiskey from the store and placed all of it in the automobile (Jeep) in which they were travelling and when apprehended on the highway in Tuscaloosa County, they were on their way to Birmingham and were going on a fishing trip with a party of friends out of Birmingham. Upon the strength of said evidence the insistence is made no conviction could be had on the testimony as the law authorizes and empowers a person to possess and transport prohibited liquors by any person when going from one wet county to another even in so doing they pass through a dry county. This insistence by earnest counsel for defendant is untenable and wholly without merit, and the Attorney General is correct in the statement contained in brief filed in this case, wherein it is stated:

"The undisputed evidence shows that the accused was found in possession of a large quantity of liquor in Tuscaloosa County, Alabama (a dry county), which liquor was legally purchased from the State liquor store in Greene County, Alabama (a wet county). He was en route to Jefferson County, Alabama (a wet county). He was not a licensed dealer or carrier, or the agent of either, authorized to engage in such transportation.

"Both Appellate Courts of our State have construed the law to be that possession of liquor in a dry county of the State, though legally purchased from a State liquor store, is illegal.—Williams v. State, 28 Ala.App. 73, 179 So. 915, certiorari denied. 235 Ala. 520, 179 So. 920; Hall v. State, 30 Ala.App. 373, 6 So.2d 30. The accused does not come within the exceptions to the above rule as annunciated in the case of Newton v. State, 30 Ala.App. 42, 200 So. 431, 241 Ala. 1, 200 So. 428, 134 A.L.R. 420, as he was not a person authorized to transport liquor from one wet county to another wet county, or in interstate commerce, under the provisions of the Alabama Beverage Control Act [Code 1940, Tit. 29, § 1 et seq.]."

The trial court correctly charged the jury in line with the foregoing. The defendant, however, reserved the following exceptions to the oral charge as shown by the record:

"We would like to except to that part of the charge that 'it makes no difference where he was going or if he was going from one wet county to another wet county. We except separately to each one of those statements.'

"If he brought them into Tuscaloosa County in violation of the law, then his intention of going through Tuscaloosa County or going fishing or wherever he was going would not keep him from being in violation of the law if he brought the liquors into Tuscaloosa County."

Also:

"The Supreme Court has held that liquors being transported of that kind can be transported through a dry county to another county, but a man who is not a legal dealer in liquors and doesn't hold a license to transport it in trucks in the legal manner wouldn't be allowed to transport it even from one wet county to another."

From what has been said hereinabove it clearly appears that there is no merit in the quoted exceptions.

It appears from the record, after the jury had deliberated for a while they returned to the court room to ask further instructions. The record as to this shows the following:

"By the Court: Gentlemen, I understood you wanted further instructions, is that right?

"Juror: Yes, sir.

"Court: What is the question you wanted to know about?

"Juror: There came up an argument as to whether if we were to find him guilty of this whiskey would it involve taking his Jeep? Would his car be confiscated?

"Court: Well, your verdict doesn't say anything about a Jeep. Your verdict would just be whether he is guilty or not guilty in this case. Is there anything else you wanted?

"Mr. McGuire: We are willing to tell them anything they want to know.

"Court (To Mr. McGuire): You are willing for the Court to tell them as it is? Gentlemen, the real truth of the business is

the Jeep has been taken twice. It has been condemned and it was taken out under bond and found again and condemned again. So, the Jeep is already condemned regardless of what you do. The Jeep has already been condemned. Your verdict will have nothing to do with the Jeep.

"Juror: Is this man a resident of this county?

"Court: Beg your pardon? He was born and reared here.

"Mr. McGuire: Your Honor, we except to that statement that the car had been taken and condemned.

"Mr. Ward: You said he could tell them anything he wanted to.

"Court: I don't want to tell them wrong.

"Mr. McGuire: No, sir.

"Court: I was informed that the Jeep had been taken and condemned under the bond.

"Mr. McGuire: No, sir, that is not true.

"Court: That is not true?

"Mr. McGuire: We have proceedings pending now on that.

"Court: Well, was that the Jeep that was taken and bonded out and then taken again?

"Mr. McGuire: The State has filed proceedings against it.

"Court: But, it has not been actually condemned yet? Well, I was wrong then, gentlemen. I am sorry. I thought it had already been condemned, but regardless of your verdict that would have nothing to do with the Jeep. Your verdict is passing on whether this man had whiskey in his car and in Tuscaloosa County. That is the only question for your determination."

Reversible error is insisted upon as a result of the foregoing occurrence. We are, however, not in accord with this insistence, for the reason (1) the court, as will be noted, instructed the jury further, by and with the voluntary consent of the defendant, he is therefore in no position to complain; (2) it is very evident that said additional instruction was in no manner prejudicial to the substantial rights of the defendant as the verdict of the jury finding the defendant guilty was based upon the undisputed evidence in the case which tended to show conclusively the guilt of defendant as charged, and the further fact that the jury by its verdict assessed the lowest fine of $50.00 notwithstanding the crime complained of was in no sense trivial as the large quantity of whiskey found in his possession, ordinarily would have called for a much greater punishment. The reasonable presumption would appear to be, that instead of prejudicing the jury against the defendant the verdict was unusually favorable to him, and this may have been occasioned by the fact made known to the jury in this connection that he would probably suffer the loss of his vehicle in which the large amount of prohibited liquor was being transported as shown by the undisputed evidence.

No semblance of prejudicial error appears in the trial of this case.

The judgment of conviction from which this appeal was taken will therefore stand affirmed.

Affirmed.