318 So.2d 282

The EBONY CLUB, INC., et al.

v.

STATE of Alabama ex rel. Fred B. SIMPSON, District Attorney, Twenty-Third Judicial Circuit of Alabama.

SC 1290.

Supreme Court of Alabama.

Sept. 11, 1975.

Watson, Moore & Mason, Huntsville, for appellants.

Fred B. Simpson, Dist. Atty., Twenty-Third Judicial Circuit, Huntsville, for appellee.

SHORES, Justice.

The facts were stipulated and are basically as follows:

The Ebony Club is a nonprofit corporation with its principal place of business in Triana, Alabama. It exists as a private club for the sale of alcoholic beverages, including liquor, wine, and beer. The City of Triana approved a liquor application and the ABC Board issued a liquor license to the club.

The City of Triana is located in Madison County and has a population of less than 135,000.

In December, 1974, the state brought a quo warranto proceeding in the Circuit Court of Madison County asking that court to enjoin The Ebony Club from operating a drinking establishment in the City of Triana.

The trial court found that the City of Triana had no authority to issue a license to The Ebony Club for the sale on premises of alcoholic beverages; that the ABC Board had no authority under the laws of the State of Alabama to issue a license for the sale of such beverages; and permanently enjoined the club from operating a drinking establishment in Triana.

The appeal is from this judgment. It is affirmed.

The 1971 legislature passed the following act, which relates to Madison County:

"Act No. 2490

*"An Act*

"Relating to counties having populations of not less than 175,000 nor more than 300,000; further regulating the sale of alcoholic beverages in such counties and certain municipalities therein.

*"Be It Enacted by the Legislature of Alabama:*

"Section 1. This Act shall apply in counties having populations of not less than 175,000 nor more than 300,000 according to the last or any subsequent federal decennial census.

"Section 2. It is unlawful for any person, firm, corporation, or association to sell or offer to sell any spirituous or vinous liquor in any county subject to the provisions of this act except at Alabama Alcoholic Beverage Control Board liquor stores, or to sell or to offer to sell within any such county any malt or brewed beverages except within the police jurisdiction of an incorporated mu-

nicipality thereof; provided, however, that in any county subject to the provisions of this act, any wholesaler, distributor or jobber, or retailer licensed to sell malt or brewed beverages shall also be authorized to sell draft beer provided said draft beer shall not be held for sale or sold in containers exceeding a maximum capacity of 288 ounces. However, the council or commission of any municipality within such counties having a population of not less than 135,000 nor more than 185,000 according to the last or any subsequent federal decennial census may license and regulate the sale of spirituous or vinous liquors and malt or brewed beverages in private clubs within the City limits of any such city, and may adopt and enforce such ordinances as may be considered necessary for such purpose. As used in this Act, the term 'club' shall have the meaning ascribed to such term in Alabama Code 1940, Title 29, Section 1(f).

"Section 3. All laws and parts of laws in conflict with this Act are repealed.

"Section 4. The provisions of this Act are severable. If any part of the Act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.

"Section 5. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

"This Act became a law on October 13, 1971 under 124 [sic, 125] Section of the Constitution without approval by the Governor."

The 1973 Legislature passed Act No. 998, also relating to Madison County, which provides:

*"An Act*

"Relating to Madison County and the City of Huntsville; further regulating the sale of alcoholic beverages therein.

*"Be It Enacted by the Legislature of Alabama:*

"Section 1. In Madison County it is unlawful for any person, firm, corporation or association to sell or offer to sell any spirituous or vinous liquor except at Alabama Alcoholic Beverage Control Board liquor stores, or to sell or to offer to sell within said county any malt or brewed beverages except within the police jurisdiction of an incorporated municipality thereof; provided however, any wholesaler, distributor, jobber or retailer licensed to sell malt or brewed beverages shall also be authorized to sell draft beer provided said draft beer shall not be held for sale or sold in containers exceeding a maximum capacity of 288 ounces. However, the council or commission of the City of Huntsville may license and regulate the sale of spirituous or vinous liquors and malt or brewed beverages in private clubs within the city limits, and may adopt and enforce such ordinances as may be considered necessary for such purposes. As used in this Act, the term 'club' shall have the meaning ascribed to such term in Alabama Code 1940, Title 29, Section 1(f).

"Section 2. All laws or parts of laws which conflict with this Act are hereby repealed.

"Section 3. The provisions of this Act are severable. If any part of the Act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.

"Section 4. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

"This Act became a law under Section 125 of the Constitution on September 6, 1973 without approval by the Governor."

Appellant contends that these acts violate Art. 1, § 22 (relating to laws impairing the obligation of contracts and to laws granting special privileges or immunities);

Art. 4, § 103 (prohibiting monopolies); Art. 4, § 104 (prohibiting any special, private or local law in specified cases); and Art. 4, § 105 (prohibiting special, private or local laws); Constitution of Alabama, 1901.

The 1971 Act, based upon a population classification, was a general act. We perceive no need to consider the objections made by appellant as to the validity of this act, since the City of Triana is also prohibited from authorizing or approving a liquor license under the 1973 Act, which is a local act. It is true that § 104 of the Constitution does prohibit the legislature from passing a special, private or local law in thirty-one enumerated cases. However, that section of the Constitution also includes the following language:

". . . provided that nothing in this section or article shall affect the right of the legislature to enact local laws regulating or prohibiting the liquor traffic; but no such local law shall be enacted unless notice shall have been given as required in section 106 of this Constitution."

It is conceded that § 106 was complied with in so far as Act No. 998 is concerned.

■ The legislative power to regulate the sale of liquor is absolute. The legislature may regulate it as it sees fit, or prohibit it entirely. *Fulton v. State*, 171 Ala. 572, 54 So. 688 (1911); *Dowda v. State*, 203 Ala. 441, 83 So. 324 (1919); *Armstrong v. State*, 248 Ala. 124, 26 So.2d 874 (1946).

In *Paulson's Steerhead Restaurant, Inc. v. Morgan*, 273 Ala. 235, 239, 139 So.2d 330, 333 (1962), this court quoted, with approval, the following:

"'* * * There is no inherent right in a citizen to thus sell intoxicating liquors by retail. It is not a privilege of a citizen of the state or of a citizen of the United States. As it is a business attended with danger to the community, it may, as already said, be entirely prohibited, or be permitted under such conditions as will limit to the utmost its evils. The manner and extent of regulation rest in the discretion of the governing authority. That authority may vest in such officers as it may deem proper the power of passing upon applications for permission to carry it on, and to issue licenses for that purpose. It is a matter of legislative will only. As in many other cases, the officers may not always exercise the power conferred upon them with wisdom or justice to the parties affected. But that is a matter which does not affect the authority of the state, or one which can be brought under the cognizance of the courts of the United States.' *Crowley v. Christensen*, 137 U.S. 86, 91, 92, 11 S.Ct. 13, 15, 34 L.Ed. 620."

■ Appellant contends that the state should be estopped to deny it a license, since it has been operating under one issued by the City of Triana for several years. We do not agree. The legislature has the right under the State Constitution to change the law with regard to regulating intoxicating liquors at any time. In *F. W. Cook Brewing Co. v. Garber*, 168 F. 942, 948 (M.D.Ala., N.D. 1909), the following appears:

". . . So long as the state law recognizes the right to make and vend intoxicating liquors, that occupation is under the protection of the law, but even then it is at most mere license to carry on an occupation, which may be revoked at the arbitrary will of the Legislature at any time. If the Legislature chooses to outlaw the occupation, there is no right of property in the business in which the owner is protected by the Constitution and laws either of the state or of the United States. . . ."

We have considered other assignments of error and find no basis for reversal.

The judgment appealed from is, therefore, affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL and MADDOX, JJ., concur.

JONES, J., concurs specially.

JONES, Justice (concurring specially):

Although I concur in the opinion, the name of the club here enjoined suggests to me discriminatory application of the statute involved. This issue, however, is not raised or developed by the record.